### Harry James v. The State.

No. 1006.    Decided May 24, 1911.

Rehearing Denied June 21, 1911.

**Carrying Pistol—Substituting Information.**

Where appellant, seven days after the trial and judgment, filed a motion in arrest of judgment on the ground that no information had been filed, and the court permitted the county attorney to present a motion to substitute the information and heard affidavits upon the question, and thereupon entered an order subsituting the information, there was no reversible error.

Appeal from the County Court of Bowie. Tried below before the Hon. Joe Hughes.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Hunt, Mahaffey & Thomas,* for appellant.—Cited Reed v. State, 61 S. W. Rep., 925; article 884, Code Criminal Procedure; Prewitt v. State, 34 S. W. Rep., 924; Long v. State, 17 Texas Crim. App., 128.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case appellant was tried in the County Court, charged with the offense of unlawfully carrying a pistol. He was convicted and his punishment assessed at a fine of $100.

There is no statement of facts in the record, and only one bill of exceptions, in which the only question preserved by the record is presented. Seven days after the trial and judgment of conviction had been entered, appellant filed a motion in arrest of the judgment on the ground that no information had been filed in the County Court in this cause. The court overruled this plea, and to the action of the court appellant reserved a bill of exceptions. Upon presentation of the plea in arrest of judgment the State, through her county attorney, presented a motion alleging that an information had been filed, and praying leave to substitute the information, to which motion was attached the affidavits of N. L. Dalby, county attorney, P. G. Henry, former county attorney, G. W. Ragland, justice of the peace, W. A. Hargett, and M. D. Anderson, alleging that an

information had been filed and lost. Appellant filed a plea denying that an information had ever been filed in the case. Upon this issue the court gave a hearing, and permitted the State to introduce the affidavits over the objection of defendant, who demanded that the witnesses be placed on the stand. Upon this hearing the court entered an order substituting the information. Appellant insisted this was irregular, and that he having filed a plea under oath denying that any information had ever been filed, he was entitled to have a hearing on such plea, and had a right to cross-examine the witnesses, and their ex parte affidavits should not have been admitted in evidence. The county attorney appeared in this court and insisted that the information had been properly substituted, and if not, he then prayed that this court suspend all proceedings in this case until said lost paper could be properly substituted in the court below.

Article 470 of the Penal Code provides for the substitution of a lost indictment or information, and article 884 provides for the substitution of any paper lost after notice of appeal has been given, and that this court shall postpone consideration of such appeal until time can be had to substitute a paper alleged to be lost.

Appellant now insists that if the information was ever filed, it was lost prior to the trial of the case, and that this article only authorizes the substitution of such papers as are lost after an appeal has been perfected. He presents the testimony of one witness that he examined the papers on the day of the trial, and he could not find an information. The State offered the county judge, who wrote the charge of the court, and he states that in his opinion he had an information when he wrote the charge; the county clerk thinks he had the information when he wrote the judgment, and the evidence of G. W. Ragland, M. D. Anderson, and P. G. Henry shows that an information had been prepared and filed. On this record the judge of the court trying the cause enters judgment giving permission to substitute, and substituting the lost information. Upon the record as presented to us, we can not hold that the County Court erred in permitting the information to be substituted.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 21, 1911.—Reporter.]

