## JOSE GAYTON v. THE STATE.

No. 13535. Delivered June 26, 1930.
Rehearing denied November 12, 1930.
Reported in 32 S. W. (2d) 361.

The opinion states the case.

*T. C. Johnson, Jr.,* of San Marcos, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

A witness testified positively to the fact that he bought from appellant a pint of whisky.

There are three bills of exception. The first complains of the refusal of the court to quash the indictment. The complaint is based on the proposition that the jury commissioners who drew the grand jury were not authorized so to do. The court heard evidence. The facts showed that at the July term, 1929, jury commissioners were duly appointed, and that they drew the grand jury for the September term, same being the next succeeding term. This was in accordance with the provisions of Title 7, C. C. P., providing for the organization of a grand jury.

Bill of exception No. 2 complains of the fact that after appellant had refused to enter his plea to the indictment, the court had the plea entered for him. If we understand the bill appellant suggested to the court, in accordance with Art. 496, C. C. P., that he was not indicted under his true name, and upon such suggestion the court had appellant's name corrected in the indictment to correspond with that suggested, and if we comprehend it, the court also suggested that the other records be corrected so as to make them speak the same fact. We think this latter proceeding wholly unnecessary, but not of that erroneous character that would call for a reversal. It is sufficient in such case that the record show an order of the court declaring that appellant suggested that his name is not correctly stated, and that the indictment was made to accord with the suggestion of the accused.

Appellant's third bill of exception complains of the fact that in his address to the jury the prosecuting attorney called two of them by their names. The bill does not set out what was said further, or make known to us any possibility of injury.

No reversible error appearing the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant was indicted on September 26, 1929, in the District Court of Hays County, and

was tried on October 14, 1929. He challenged the validity of the indictment upon the ground that at the July, 1929, term of court, the jury commissioners were instructed by the court to select petit jurors for the second week of the July term and also to select grand jurors, special venire and petit jurors for the September term of court. There was compliance with these instructions. The indictment was also challenged because of an improper indorsement of the envelope.

It is the duty of the jury commissioners to select grand jurors for the succeeding term. This is declared in Art. 338, C. C. P. In the present instance, the grand jurors for the September term were selected at the July term. If the act of the jury commission in selecting petit jurors for the July term was irregular, the right of the appellant to make complaint of it is not perceived. He was not tried by a petit jury so selected.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.