# JANUARY 3, 1934

## HUNTER T. FARRELL v. THE STATE.

No. 16210.   Delivered January 3, 1934.
Reported in 66 S. W. (2d) 694.

The opinion states the case.

*Wm. M. Cramer,* of Dallas, for appellant.

*W. C. Dowdy,* Co. Atty., and *Leon. O. Moses,* Asst. Co. Atty., both of McKinney, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction is for violating the provisions of article 1359, P. C., inhibiting the introduction of Johnson Grass; punishment, a fine of one thousand dollars.

Provision is made in article 418, C. C. P., for the substitution of a lost indictment or information. From the present record it appears that on the 14th day of April, 1933, the county attorney presented to the trial court a motion which contained an averment to the effect that on the 6th day of April, 1933, there had been legally presented against appellant a complaint and information charging him with the offense in question. It

was also averred that the complaint and information had been lost or mislaid, and that the complaint and information attached to the motion were substantial copies of the instruments that had been lost. The court, on the hearing of the motion, ordered that the substitution be made. The order authorizing the substitution does not appear to have been entered upon the minutes of the court. We find in the transcript an order of substitution and the suggestion of the county attorney, with the certificate of the clerk to the effect that said instruments were filed on April 14th, 1933. Under the statute (article 418, supra), and the decisions of this court, the record must show that the suggestion to substitute had been presented in open court, and that there had been spread on the minutes of the court the court's order that the instrument presented be substituted for the original and lost complaint and information. See Morris v. State, 257 S. W., 899; Carter v. State, 58 S. W., 80; Burrage v. State, 44 S. W., 169.

The opinion is expressed that the court should have submitted to the jury the question as to whether the witness Mrs. R. L. Farrell was an accomplice. The state contends that the special charge on the subject is not sufficiently authenticated to present the matter for review. We pretermit a discussion of this question. However, if another trial be had, the issue should be submitted to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.