## WESLEY MAPLES V. THE STATE.

No. 16182.   Delivered January 24, 1934.
Rehearing Denied April 4, 1934.
Application to File Second Motion for Rehearing Denied April 18, 1934.

154

The opinion states the case.

*A. C. Chrisman,* of Cleburne, and *Myres & Pressley,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The facts proven upon the trial are substantially as follows: On Saturday night of May 7, 1932, the store building of I. M. Johnson located at Kopperl, Bosque County, Texas, was entered by breaking a window in the rear of said building. There was taken from said store on said occasion some shoes, mens under- wear, shirts, pants, bolt goods, pocket knives, and tobacco. Some two or three days later some of said property was found by officers in a house located in the city of Cleburne and occupied by the appellant and Mr. and Mrs. C. V. Fenn. The appellant, C. V. Fenn, and Red Hannie were all separately indicted for said burglary but at the beginning or during the trial the case against Fenn was dismissed. The record fails to disclose what

disposition was made of the case against Red Hannie. C. V. Fenn testified for the State that some time during Saturday night of May 7, 1932, he heard the appellant slam the door as he came in home; that when he, the witness, arose the next morning he observed these goods and asked appellant where they came from, to which appellant replied that he won them in a crap game. The appellant did not testify and offered no testimony upon the trial.

The appellant's only complaint is that the trial court erred in refusing to submit to the jury his requested special instruction No. 4, which reads as follows: "Gentlemen of the jury, you are instructed as a part of the law in this case that if you believe that Red Hannie or C. V. Fenn, either or both of them, committed the alleged burglary, or if you have a reasonable doubt thereof, then you will give the defendant the benefit of such doubt and find him not guilty." We do not believe that the court committed any error in refusing to give said requested special charge because the same was not justified by the facts in this, that said charge did not instruct the jury that if Fenn and Hannie or either of them committed the burglary and the defendant did not aid, abet, or encourage the commission of said offense, or if they have a reasonable doubt thereof, then to acquit. It will be observed that under the requested special charge, if it had been given, the jury would have been instructed that if Fenn and Hannie committed the offense and appellant aided and assisted in the commission thereof, yet they would be required to acquit him. This is not the law. The court gave an adequate and comprehensive charge besides giving two of appellant's requested special charges which fully covered the defensive theory of defendant.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Upon motion for rehearing appellant for the first time called attention to the fact that the transcript failed to show that the order of the court substituting the indictment upon which appellant was tried was carried into the court minutes as is required by article 418, C. C. P. See Far-

rell v. State, 66 S. W. (2d) 694. There is now before this court —obtained since the motion for rehearing was presented—the certificate of the clerk of the district court, showing the order of substitution to be of record in volume 1, p. 209, of the criminal minutes of the court.

The evidence is amply sufficient to support the verdict. Appellant's explanations of how he came into possession of the property were contradictory and the falsity of the explanations appears to be sufficiently shown.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant asks that a second motion for rehearing be granted on the proposition that the record herein does not show that the motion to substitute the indictment was made and acted upon in open court. He cites Morris v. State, 257 S. W., 899, and Farrell v. State, 66 S. W. (2d) 694. In the former appears this statement: "Upon these reasons the record should show that the suggestion to substitute had been *presented in open court,* and that there had been spread on the minutes of the court the court's order of substitution." In the opinion in the latter case substantially the same language appears.

There is nothing in article 418, C. C. P., dealing with this question, which specifies that the record shall in so many words use the language *in open court,*—and we did not intend to so hold in the opinion in either case mentioned. In Burrage v. State, 44 S. W., 169, the above statute was construed, and we said that the record should show that the State's attorney had filed a formal motion setting out, (1) the loss of the indictment, (2) an exact or substantial copy thereof, (3) a statement by such attorney that same is, in substance at least, the same as the lost indictment, (4) a showing that a judgment of substitution was entered and carried into the minutes of the court. We have not intended in any case to go beyond what we there said. In both the Morris and Farrell cases, supra, the record before this court failed to show that there was any judgment of substitution entered in the trial court and carried into the minutes. Not so here. The record before us shows that a formal motion was made, and filed by the clerk; that upon hearing same the learned trial judge ordered the substitution, and that such order was entered in the minutes.

We know from this record that the motion was filed and acted upon during the trial term of the court below, and,—in the absence of any contest of the regularity of these matters before the court a quo, where opportunity may have been afforded the State to make the record speak all the facts,—we must presume that the hearing was openly had, and the judgment of substitution openly pronounced.

We cannot conceive that a district judge of this State, accompanied by his clerk, would stealthily and secretly, or without the presence or knowledge of appellant and his counsel, having a motion filed such as appears here, with the file mark endorsed by the clerk,—have it heard and adjudged by the court out of the presence of the accused and his counsel and without their knowledge, especially where counsel happens as in this case, within the knowledge of this court, to be diligent both in preserving and presenting errors occurring,—without a protest loud and long, when first confronted in the trial court with the fact of such substitution, which protest would have been set forth in as many bills of exception as might be deemed necessary to bring the wrongs complained of here for review.

Not being able to agree with appellant, leave to file his second motion for rehearing is denied.

*Denied.*