## VANCE WOMACK V. THE STATE.

No. 17621. Delivered June 5, 1935.
Rehearing Denied June 28, 1935.

The opinion states the case.

*Thos. C. Ferguson, O. B. Zimmerman,* and *Ben L. King,* all of Burnet, and *N. T. Stubbs,* of Johnson City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment was assessed at confinement in the State penitentiary for a term of 2 years.

This is a companion case to that of Arthur Hays v. State, No. 17,622 (page 156 of this volume), this day decided by this court, and the facts in this case are in every respect identical to the facts in that. Therefore, we will not restate the facts here but will refer to said case for a statement of the facts.

The appellant by bill of exception No. 1, which is the only bill of exception contained in the record, complains of the action of the trial court in declining to submit to the jury his special

requested peremptory charge directing a verdict of not guilty on the ground that the evidence is insufficient to warrant a conviction for the offense of burglary. We do not deem it necessary in passing on the question here presented to again restate the facts developed upon the trial of this case but deem it sufficient to say that the testimony adduced upon the trial, as will appear from the facts in the companion case of Hays v. State, supra, is sufficient to authorize the trial court to submit the issue to the jury under appropriate instructions. The jury, who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, determined the issue of guilt against the appellant, and this court would not, under the facts, be authorized to overturn their verdict.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The appellant in his motion for rehearing contends that the trial court erred in failing to charge upon the defensive theory of purchase of the alleged stolen oats. No objection was made and no exception reserved to the charge because of a failure to embrace such instruction. We are not at liberty to strike down or nullify the provision of Art. 658, C. C. P., requiring objections to the court's charge to be presented before the same is read to the jury. A charge covering the explanation given by the appellant as to his possession of the oats was given by the court.

Appellant also insists that the evidence is not sufficient to support the conviction. We have re-examined the facts. They are set forth in the original opinion in Hays v. State, No. 17,622 (reported on page 156 of this volume), a companion case. We see no good reason to change our views on that question. We deem the facts sufficient to connect the appellant with the alleged burglary and the theft of the oats and also to disprove the explanation given by him. See Oglesby v. State, 51 S. W. (2d) 587; Maples v. State, 70 S. W. (2d) 198; Sowell v. State, 70 S. W. (2d) 422; Branch's Ann. P. C., Sec. 2346.

Believing that the case was properly disposed of on original submission, appellant's motion for rehearing is overruled.

*Overruled.*