JOE EVANS v. THE STATE.

No. 19479.   Delivered March 23, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*H. G. Woodruff* and *H. E. Lobdell,* both of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for robbery by assault; punishment is assessed at confinement in the penitentiary for a term of five years.

By bill of exception number one, appellant complains of the action of the court in granting the State's motion for leave to substitute a substantial copy of the original indictment which had either been lost or misplaced and could not be found after diligent search. Appellant contends that it was not a substantial copy, in that the original indictment charged him with robbery by assault and the purported copy charged him with robbery by assault and robbery by the use of violence and bodily injury. The trial court heard the evidence in support of the motion and found it to be a substantial copy of the original indictment. This Court would not be justified in setting aside the trial court's finding of facts unless there was *no* testimony as a basis therefor. All the proceedings with reference to this matter seem to have been in keeping with Article 418, C. C. P. See also Farrell v. State, 66 S. W. (2d) 694.

It appears that the order of substitution was duly made and entered upon the minutes of the court. The statute does not require that an exact or literal copy of the original indictment be substituted; all that is required is a substantial copy. The substituted indictment charges the offense of robbery by assault, and the court, in his charge, instructed the jury with reference only to robbery by assault. Hence, we see no error in the matter complained of. Appellant makes some contention to the effect that there was a resubstitution of a second copy of the indictment, but we see no merit in his contention.

Appellant, in due time, addressed a number of objections to the court's main charge. We have examined the charge in the light of the objections and reached the conclusion that the court's charge adequately and pertinently applied the law to the facts and that the charge is not subject to the criticisms addressed thereto.

All other matters complained of have received our most careful consideration and found to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—After a careful re-examination of the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusions expressed in the original opinion.

The motion for rehearing is overruled.