### PAUL WILLIAMS v. STATE.

No. 26,468. June 17, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) October 14, 1953.

*M. D. Emerson,* Paris, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violating the liquor laws; the punishment, a fine of $150 and 90 days in jail.

Two questions are presented for review. These are: (a) the action of the court in permitting the state to substitute the complaint upon which the information was based, and (b) the failure of the court to quash the jury panel and array of jurors upon appellant's motion.

It appears that the complaint was before the court at the time the case was called for trial. During the trial, the clerk of the court discovered that the complaint could not be found and apparently was lost. After conviction and after notice of appeal to this court, the state filed a motion to substitute the lost complaint. After hearing, the motion was granted and the complaint was duly substituted.

Appellant's objection to this procedure appears to be founded upon the proposition that no complaint had, in fact, ever been filed and that therefore there was no lost complaint to be substituted.

The testimony of the clerk supports the trial court's conclusion that the complaint had been lost.

The procedure substituting the lost complaint was expressly authorized by Art. 828, C. C. P. See, also, James v. State, 62 Tex. Cr. R. 610, 138 S. W. 408.

As to the failure of the court to quash the jury panel and array of jurors, the record before us reveals that Lamar County, where this case was tried, is under the jury wheel law (Arts. 2094 and 2095, V. A. C. S.).

Appellant introduced much testimony tending to show that the provisions of the above statutes had not been complied with and that the jury panel for the week had not been drawn in accordance therewith. In view of the conclusion reached, a statement of these facts is not deemed called for.

We have made a search of the record before us and fail to find any evidence or certificate that the jury which tried appellant and rendered the verdict upon which the judgment

here appealed from was based was selected from the jury panel which he claims was not properly drawn.

A defect in the drawing of the jury panel would be material only when the jury which tried appellant was selected therefrom. Gayton v. State, 116 Tex. Cr. R. 215, 32 S. W. 2d 361; Evans v. State, 110 Tex. Cr. R. 560, 9 S. W. 2d 360.

We have no authority to presume that the jury which tried appellant was selected from the alleged irregular jury panel.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.