Hershel G. JOSEPH, Appellant,

v.

The STATE of Texas, Appellee.

No. 42000.

Court of Criminal Appeals of Texas.

April 23, 1969.

Rehearing Denied July 9, 1969.

Howard O. Lake, Houston (by court appointment), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and I. D. McMaster, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is murder; the punishment, death.

The record reflects that appellant killed the three-month-old boy of the woman with whom he was living. He beat the baby with his fists, threw him on the floor, stomped him with his feet, burned a lower part of his body with a lighted cigarette and committed other almost unbelievable acts of violence against the child.

Reversal is sought under the decision of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, where the Supreme Court of the United States reversed a conviction because the jury was chosen by excluding veniremen for cause who voiced general objections to the death penalty or expressed conscientious or religious scruples against the infliction of the death penalty. The present case was tried in April of 1966 before the decision in Witherspoon. The record was filed with the Clerk of this Court on February 11, 1969. There is no voir dire examination of the prospective jurors or any request therefor in the record. Art. 40.09, Sec. 4, Vernon's Ann.C.C.P., provides:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. * * * A transcription of the reporter's notes when certified to by him and included in the record shall establish the occurrence and existence of all testimony, argument, motions, pleas, objections, exceptions, court actions, refusals of the court to act and other events thereby shown and no further proof of the occurrence or existence of same shall be necessary on appeal; * * *"

Nothing appears in the record to show how the jury was selected.

In the absence of the voir dire examination of the prospective jurors or other showing how the jurors were qualified, there is nothing presented for review.

In Pittman v. State, Tex.Cr.App., 434 S.W.2d 352, it is shown that practice in Texas does not come within the rule of Witherspoon v. Illinois, supra. See Scott v. State, Tex.Cr.App., 434 S.W.2d 678; Smith v. State, Tex.Cr.App., 437 S.W.2d 835.

Appellant contends that permitting the State to challenge for cause persons having conscientious scruples regarding death as a punishment for crime is to tolerate a systematic exclusion from the jury of a substantial portion of a cross-section of society who are most favorable to the defendant and the inclusion of that part of

society which is most favorable to the prosecution.

Again, there is no showing of how the jury was selected, and in the absence of such showing, nothing is presented for review.

█ The evidence is sufficient to support the conviction. The record reflects that appellant received a fair trial.

The judgment is affirmed.