**Eddie Lee GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42344.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied Feb. 18, 1970.

J. K. Chargois, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Frank C. Price, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., of Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, death.

The sufficiency of the evidence to show malice is challenged.

Appellant and Charles Walton, the deceased, had been drinking, and they argued about a loan to buy another bottle of wine. Witnesses for the State testified that they saw appellant with the pistol and later heard the shot, but did not see the shooting. It was shown that the deceased was seated and did not have a weapon. Appellant testified that he shot the deceased, because he thought the deceased was reaching for a gun.

The record further reflects that death was caused by a gunshot wound in the chest.

Appellant contends that the State did not make an affirmative showing of malice. Malice can be inferred from the use of a deadly weapon and the intended shooting of one with a pistol was sufficient to authorize the jury to find that the shooting was actuated by malice. Brown v. State, Tex.Cr.App., 438 S.W.2d 926. See 4 Branch's Ann.P.C.2d, Sec. 2189, p. 534; 29 Tex.Jur.2d 300, 302, Sec. 189, notes 13–14.

The court charged on self defense, but the jury rejected appellant's version of the facts. The evidence is sufficient to support the conviction; the first ground of error is overruled.

Appellant contends that the selection of the veniremen and their qualifications on the death penalty was such that the result was a tribunal organized to return a verdict of death.

**482**

Nothing appears in the record to show how the jury was selected. There is no voir dire examination of the prospective jurors or request therefor in the record. Article 40.09, Sec. 4, Vernon's Ann.C.C.P., provides for the court reporter to take notes of such examination upon request of either party and to transcribe them for the record.

■ In the absence of the voir dire examination of the prospective jurors or other showing how the jurors were qualified, there is nothing presented for review. Joseph v. State, Tex.Cr.App., 442 S.W.2d 397. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, is relied upon by appellant for reversal. In Pittman v. State, Tex.Cr.App., 434 S.W.2d 352, it was pointed out that the practice in Texas does not offend the rule of Witherspoon. See Joseph v. State, supra; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Scott v. State, Tex.Cr.App., 434 S.W.2d 678, and Evans v. State, Tex.Cr.App., 430 S.W.2d 502.

The third ground of error is overruled.

■ It is next contended that the death penalty is a cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. This has been before the Court before and has been rejected. Quintana v. State, Tex.Cr.App., 441 S.W.2d 191; Smith v. State, Tex.Cr.App., 437 S.W.2d 835. See Siros v. State, Tex.Cr.App., 399 S.W.2d 547.

Powers v. Hauck, 399 F.2d 322 (5th Cir. 1969), held that the law of Texas providing for death as a possible punishment for the offense of murder did not, in and of itself, or under the circumstances of that murder case, constitute cruel and unusual punishment or a denial of equal protection of the laws.

The second ground of error is overruled.

There being no reversible error, the judgment is affirmed.