Rafael C. LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 43458.

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

John T. Ferguson, Big Spring, (Court Appointed), for appellant.

Wayne Burns, Dist. Atty., Big Spring, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary, enhanced with one prior conviction. The punishment was assessed at twelve years.

The sufficiency of the evidence is not challenged.

The record reflects that at approximately 3:30 or 4:00 o'clock in the morning Henry Otis Washington and the appellant were found inside the Carlos Restaurant after it had been locked and without the consent of the owner.

Officers Lancaster and Hunsucker of the Big Spring Police Department testified that they checked the restaurant and found all of the doors and windows closed. They drove some three-fourths of a block where they saw Washington and the appellant near Mitchell's Barbecue and talked with them.

There the officers received a radio call and went to another location. After they had been away from the Carlos Restaurant for some ten minutes, they drove back by and saw a door ajar. When they investigated, Washington ran outside the building, saw an officer and ran back inside. The officers then entered the building where they found Washington and the appellant hiding in a basement room.

In the first ground of error complaint is made because Officer Lancaster testified that shortly before the burglary he saw the "two defendants in front of Mitchell's." He contends that the reference to the "two defendants" was prejudicial, since appellant was the only person on trial and Washington was a known police character.

Appellant testified that he was with Washington a short time before the burglary and was found in the burglarized building with him. He testified that the two had parted several minutes earlier and that he went into the open door of the building to buy a beer not knowing that the place was closed or that Washington was inside.

The fact that Washington was referred to as a defendant did not constitute error. If he was not a defendant arising out of this burglary, the jury could have logically concluded that he was or should have been.

The first ground of error is overruled.

In the second ground of error it is contended that a prospective juror during voir dire examination of the entire jury panel made statements that were so prejudicial and inflammatory that the entire panel should have then been dismissed.

The record does not contain the voir dire examination of the jury panel or a showing of any statements made during the examination of the prospective jurors. Nothing is presented for review. Grant v. State, Tex.Cr.App., 449 S.W.2d 480.

Appellant's second ground of error is overruled.

■ The complaint that reversible error was committed when the trial court permitted the police officers to testify while in uniform is without merit. The third ground of error is overruled.

Arguments of counsel complained of in the fourth ground of error do not appear in the record, and nothing is before us for review.

■ Appellant contends that it was improper to show as a part of the prior conviction, which was alleged for enhancement, that he was found "guilty" of the burglary when his probation was revoked. The records of the revocation proceedings are admissible. No error is shown.

The judgment is affirmed.