Arthur Lee BROUSSARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 43902.

Court of Criminal Appeals of Texas.

July 7, 1971.

Rehearing Denied Oct. 20, 1971.

Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice; the jury assessed the punishment at death.

The sufficiency of the evidence is not challenged.

On May 24, 1969, the appellant went to the store of the deceased, Peter Lum, also known as Peter Chin, and the deceased was shot in the head with the appellant's pistol. The State's evidence showed that the shooting occurred in the course of a robbery. The appellant testified that the gun went off accidentally during the course of an argument over whether the appellant had given the deceased a $10 bill or a $20 bill. The trial court charged on murder with and without malice, accident, and self-defense. The jury resolved the fact issues against the appellant and found him guilty of murder with malice.

The appellant first contends that there is neither an indictment nor a legally substituted copy of the indictment in the appellate record.

The date of trial was February 16, 1970. The verdict on punishment was returned on February 21, 1970.[1] The State filed an undated "suggestion of lost indictment." In response to the suggestion, the court issued this following order:

"On this the 10th day of July, A.D. 1970, came to be heard the foregoing motion of the District Attorney, and having read such motion and heard all evidence thereon, it is ORDERED, ADJUDGED, AND DECREED that the original indictment has been lost and mislaid and that the copy attached to said motion is exactly the same (except for the signature of the Foreman of the Grand Jury) as said original indictment

and said copy shall be substituted for said lost and mislaid original indictment, under authority of Article 21.25 of the Vernon's Ann.Code of Criminal Procedure of the State of Texas.

"To which the defendant excepts.

/s/ Sam W. Davis.
Sam W. Davis, Judge
179th District Court
Harris County, Texas"

The substituted copy of the indictment is as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"The Grand Jury of Harris County, State of Texas, duly organized at the May Term, A.D.1969, of the 177 District Court of said County, in said Court, at said term, do present that ARTHUR LEE BROUSSARD on or about the 24th day of May, A.D.1969, in said County and State, did with malice aforethought kill Peter Lum also known as Peter Chin by shooting him with a gun, against the peace and dignity of this State."

On August 26, 1970, the appellant filed his objections to the record on appeal, alleging that the substitute indictment was not a true copy of the original.

Art. 44.11 of the Code of Criminal Procedure provides in part as follows:

" * * * In cases where the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the Court of Criminal Appeals as in other cases."

See also: Williams v. State, 159 Tex.Cr. R. 76, 261 S.W.2d 175.

Art. 40.09, Sec. 7, provides as follows:

"Notice of completion of the record shall be made by the clerk by certified

---

[1] Several irregularities appear in the record. The date on the judgment is February 16, 1970, and the judgment recites that the verdicts were returned on February 20 and 21. The record of the notice of appeal is confusing but apparently sufficient.

mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he shall approve the same. If such objection be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final. In its discretion, the court may require the attendance of the defendant at such hearing. Such proceeding shall be included in the record, and the entire record approved by the court."

■ Thus, under 44.11, the trial court may make substitutions for lost or destroyed documents, and under 40.09, Sec. 7, his findings, if supported by evidence at the hearing, are final. At the hearing on the appellant's objections, Ted Busch, assistant district attorney, testified that the substitution was a true copy of the original indictment. The court overruled the appellant's motion and certified that the record was complete and correct.

The appellant's first ground of error is overruled.

The appellant's second ground of error complains because the trial court did not of its own motion require that the voir dire examination of the jury be reported and included in the record. He emphasizes that this is a death penalty case. No request was made that the voir dire examination of the jury be reported.

■ It is advisable that the court, in a death penalty case, whether requested by either party or not, have the court reporter record the voir dire examination of the jury panel. Pittman v. State, Tex.Cr.App., 434 S.W.2d 352. However, it is not mandatory

for the court to do so when neither party requests it. Art. 40.09, Sec. 4, V.A.C.C.P.; Joseph v. State, Tex.Cr.App., 442 S.W.2d 397. When no transcription of the voir dire examination of the venire is contained in the record, nothing is presented for us to review. Grant v. State, Tex.Cr.App., 449 S.W.2d 480; David v. State, Tex.Cr.App., 453 S.W.2d 172.

The appellant's second ground of error is overruled.

■ The appellant's third ground of error asserts that the infliction of the death penalty is cruel and unusual punishment. This contention is contrary to the holding in Grant v. State, Tex.Cr.App., 449 S.W.2d 480; Powers v. Hauck, 399 F.2d 322 (5th Cir. 1959); Quintana v. State, Tex.Cr.App., 441 S.W.2d 191; Smith v. State, Tex.Cr. App., 437 S.W.2d 835; Siros v. State, Tex. Cr.App., 399 S.W.2d 547.

The appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.