Ramon M. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 44356.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 9, 1972.

T. P. Henley, San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., Earl C. Hill and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at fifteen years.

The appellant contends that the evidence is insufficient, that the prosecutor made an improper argument and that trial counsel was incompetent.

We affirm.

The record reflects that Consuelo Orosco, the deceased, lived in San Antonio with her children in an apartment owned by the appellant. Joe Gonzales, an eighteen-year-old high school student, testified that on May 8, 1968, at approximately eight-thirty in the evening, the appellant drove a station wagon to the curb of South Nueces Street directly in front of the apartment where Consuelo Orosco lived and called for her to come outside. She walked up to the car where he was seated. He then raised his hand and fired two shots. She yelled, "Mamacita," grabbed her chest and ran. He fired another shot through the rear window of the station wagon. She called for someone to help her. When an officer arrived, the appellant was waving the gun and said, "I killed her, I killed her."

Elva Jean Orosco, the eight-year-old daughter of the deceased, testified that on the day in question Ramon Martinez called for her mother to come out of the house. She did not see anything when her mother got to the car but heard something like firecrackers and saw her mother lying near the window. She then went to get her grandmother.

Several witnesses testified that they did not see the shooting but arrived shortly thereafter and heard Ramon Martinez tell the officer that he killed her.

■ The evidence is sufficient to support the conviction. See Grant v. State, Tex.Cr.App., 449 S.W.2d 480; Davis v. State, Tex.Cr.App., 440 S.W.2d 291; Brown v. State, Tex.Cr.App., 438 S.W.2d 926.

■ Next, the appellant contends that reversible error was committed when the prosecutor argued:

"This is what you have to decide; I don't care whether you shake your head and look the other way, this is what you are going to decide—what to do with him. I recommended a 30 year sentence for a reason. Now, understand this very carefully, remember what the instructions are; remember what you can do and what you can't do. Please don't do anything that you can't do; otherwise, not only is the last part you have already accomplished out the window but we

**252**

have to start all over again from the beginning to end."

No objection was made. No reversible error is shown.

■ Apparently the main contention of the appellant is that he had ineffective assistance of counsel at the trial. The record reflects that he had three retained counsel who ably represented him. The record does not show that he had incompetent counsel or that he had ineffective representation.

The judgment is affirmed.