**James Richard SANTOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–045 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 12, 1992.

Discretionary Review Refused Nov. 4, 1992.

James A. DeLee, Port Arthur, for appellant.

Steven Howard, Dist. Atty., Donna O'Shea, Asst. Dist. Atty., Orange, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted James Richard Santos of delivery of a controlled substance enhanced with two prior felony convictions, and assessed punishment at thirty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises three points of error.

Point of error one challenges the sufficiency of the evidence to support the conviction for delivery of a controlled substance by actual delivery. The indictment alleged delivery by actual transfer. The jury charge authorized appellant's conviction as a party to delivery by actual transfer:

> [W]ith the intent to promote or assist the commission of said delivery of a controlled substance, to-wit: cocaine by Lisa Santos, aid and assist Lisa Santos by accepting United States currency from Danny Buchholz to promote the delivery of the controlled substance and by thereafter providing the said Lisa Santos with the cocaine to deliver to Danny Buchholz, then you will find the defendant, JAMES RICHARD SANTOS, guilty.

Appellant argues that the state proved appellant was the primary actor and utilized his wife Lisa Santos to assist him in effectuating a constructive transfer. Appellant cites *Conaway v. State*, 738 S.W.2d 692 (Tex.Crim.App.1987), in support of his position that actual transfer means completely transferring real possession from one person to another. The evidence at trial was that Lisa Santos actually transferred the controlled substance, at the direction of appellant. The state could have alleged delivery by constructive transfer but did not do so. *Conaway* states: "[A]ppellant was subject to being convicted of actual delivery of the substance, provided that the law of parties is invoked and applied to the case." *Id.*, at 694. In *Conaway*, the jury was not instructed on the law of parties and thus was not permitted to convict the accused of actual delivery acting as a party to the offense. Here, the

jury was instructed on the law of parties and therefore was authorized to convict appellant upon proof that he acted as a party to the actual transfer by Lisa Santos. *Lacy v. State,* 782 S.W.2d 556 (Tex.App.— Houston [14th Dist.] 1989, no pet.); *Wallace v. State,* 770 S.W.2d 874 (Tex.App.— Dallas 1989, pet. ref'd).

We must review the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The jury was authorized to convict if it found appellant acted as a party pursuant to TEX.PENAL CODE ANN. § 7.01 and 7.02 (Vernon 1974). The evidence reflects that appellant negotiated a price with the undercover officer, accepted the money for the drugs, personally obtained the substance, then directed his wife to hand the cocaine to the transferee. We find the evidence sufficient to support the finding of guilt as charged. Point of error one is overruled.

■ Appellant's second point of error urges error in including the law of parties in the charge, on the grounds that the state proved a constructive transfer. The trial court is required to fully instruct the jury on the law applicable to the facts of the case and to apply that law to the facts presented, and the trial court must charge on all of the essential elements of the offense. *Jackson v. State,* 633 S.W.2d 897 (Tex.Crim.App.1982). The application paragraph of the charge must not deviate from the allegations in the indictment. *Williams v. State,* 612 S.W.2d 934 (Tex.Crim.App.1981). The charge must conform to the evidence. *Perez v. State,* 629 S.W.2d 834 (Tex.Crim.App.1982). A charge on the law of parties may be given when it is supported by the evidence even though it was not pleaded in the indictment. *Pitts v. State,* 569 S.W.2d 898 (Tex.Crim.App.1978).

As noted in our disposition of appellant's sufficiency point, there was evidence admitted at trial that appellant was a party to an actual transfer. The indictment alleged actual transfer. The state produced evidence at trial of an actual transfer and appellant's participation in the offense. It is not error for the trial court to charge the jury on a legal theory which has been pleaded and which is supported by evidence admitted at trial. *See Conaway,* 738 S.W.2d at 694. We find no error. Point of error two is overruled.

■ Point of error three urges:
The trial court erred in overruling Appellant's timely objection to the reading of a second indictment and subsequent motion for instructed verdict of not guilty when Appellant had previously entered a plea of not guilty to the first involving the same offense after the jury was sworn and jeopardy had attached.

There is no doubt that appellant was brought to trial in cause No. D–900404. The transcript reveals that all of the pleadings of the parties bear that cause number. The Docket sheet for No. D–900404 indicates that cause was called to trial on the date indicated by the statement of facts. The judgment bears that cause number.

The state had originally indicted appellant for this offense in Cause No. D–900197. The docket sheet for Cause No. D–900404 indicated that it was a reindictment of No. D–900197. Appellant claims that the prosecutor mistakenly read the No. D–900197 indictment to the jury, so that jeopardy attached to the first indictment and appellant was subjected to double jeopardy upon the reading of the second indictment.

The record reflects that the indictment was read to the jury but does not set forth the words that were read. Appellant entered a plea of not guilty and the court recessed until the next morning. The next morning the court addressed the jury as follows:

THE COURT: Good morning, ladies and gentlemen. Ladies and gentlemen, yesterday when the indictment was presented, there was an error in that. The indictment referred to the 163rd Judicial District Court. I believe that was an error, and I've asked that the prosecutor read that once again, please.

[Defense Counsel:] Your Honor, prior to the prosecutor reading the new indictment, I'd like to let the record reflect that the defense objects to the reading of any new indictment. We assert that jeopardy is attached to the indictment that is read. That was an indictment that had been dismissed. We move that the Court grant an instructed verdict of not guilty.

THE COURT: That objection is overruled.

Appellant then made a motion for mistrial, which was denied. The court asked for and received appellant's plea of not guilty before proceeding with the case. Appellant contends that the prosecutor read the wrong indictment, because the only difference between the two indictments is the court it was returned in and the number of enhancement allegations. Appellant has the burden of proving former jeopardy. *Hoang v. State,* 810 S.W.2d 6 (Tex.App.—Dallas 1991, pet. granted). Appellant argues that since the trial court said the prosecutor stated the wrong court, the prosecutor must have been reading the wrong indictment to the jury. This is certainly possible, although it is just as possible that the prosecutor read the correct indictment but merely made a mistake in the reading. That is what the trial court indicated actually transpired and we are not in a position to reject that possibility.

A dismissal, once jeopardy has attached, is a valid judgment and subsequent retrial is barred by U.S. CONST. amend. V and TEX. CONST. Art. I, § 10. The D–900404 indictment was returned several months before trial. There is nothing in the record to indicate when the D–900197 indictment was dismissed, but in his objection to the second reading defense counsel asserted that the indictment *had been* dismissed. Appellant's brief states "Essentially what has happened is that the defendant has entered a plea of not guilty to a case that *has been* dismissed." (emphasis added). Thus, it appears that the first indictment was dismissed by the state sometime before trial began.

Jurisdiction is conferred upon the trial court by the presentment of an indictment. TEX. CONST. Art. V, § 12. In order to invest a court with jurisdiction over a criminal case, the indictment must be filed with that court. *Thomas v. State,* 751 S.W.2d 601 (Tex.App.—Texarkana 1988, pet. ref'd). Reading the indictment is required by TEX. CODE CRIM.PROC.ANN. art. 36.01 (Vernon Supp.1992) for the purpose of informing the accused and the jury of the charge being brought against the accused, and failure to read the indictment is error, *Warren v. State,* 693 S.W.2d 414 (Tex. Crim.App.1985), subject to harmless error analysis, *Lara v. State,* 740 S.W.2d 823 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd), *cert. denied,* 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989), but it is the *filing* of the indictment, not its *reading,* which invests the trial court with jurisdiction.

In the absence of express waiver, conviction in felony cases can only be had upon indictment. TEX.CODE CRIM.PROC.ANN. art. 1.141 (Vernon 1977). While defects of form or substance in an indictment are waived if not presented to the trial court before the date trial commences, TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp. 1992), and the requisites of an indictment are now purely statutory, *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990), the requirement that there be an indictment remains in the jurisprudence of this State. In this case, it appears that on the date of trial there was only one indictment. The other, having been dismissed, was a void instrument and not a valid pleading of the state which would confer jurisdiction upon the district court. Therefore, if the prosecutor did read the wrong sheet of paper to the jury, that act did not cause jeopardy to attach in Cause No. D–900197 so as to bar prosecution of Cause No. D–900404. Point of error three is overruled and the judgment of the trial court affirmed.

AFFIRMED.