**Jorge Salinas CARRILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00028–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 26, 1998.

---

Steven R. Rosen, J. Sidney Crowley, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before LEE, AMIDEI, and ANDERSON, JJ.

## OPINION

LEE, Justice.

A jury found appellant guilty of possession of cocaine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.1998). The jury assessed punishment at eighteen years confinement in the Institutional Division of the Texas Department of Corrections and a $20,000.00 fine. In one point of error, appellant contends the trial court erred in proceeding to trial upon a lost indictment in violation of article 21.25 of the Texas Code of Criminal Procedure. We reverse and remand.

Before voir dire, the trial court instructed the prosecutor to arraign appellant. The prosecutor read the indictment charging appellant with possession of cocaine with the intent to deliver, to which appellant entered a plea of not guilty. After discussing several issues with the trial court, appellant's trial counsel challenged the jurisdiction of the court, claiming the original indictment filed against appellant was not in the court's file. In fact, the court's file did not contain the indictment. The file contained a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," with the word "indictment" scribbled in the lower left-hand corner. The purported indictment was signed by the grand jury foreman and file stamped June 22, 1995, the date the grand jury filed its Order of Presentations of Indictments with the trial court.

The prosecutor offered no explanation for the purported indictment, but noted under article 21.25 the State could substitute a duplicate of the original indictment because the

original had been mislaid or lost. Appellant's trial counsel objected, claiming the State had offered no proof that the original indictment had been lost or that an original indictment existed. The trial court overruled appellant's motion and objection, and proceeded with trial. The following day, the State filed a duplicate of the original indictment with the trial court.

After a trial on the merits, appellant again challenged the jurisdiction of the trial court in a motion for new trial. At the hearing on the motion, the State offered a document entitled "Statement Accompanying Lost Indictment" in which it asserted the grand jury returned an indictment against appellant on June 22, 1995, and the State substituted a duplicate for the lost indictment on November 6, 1995. In the Statement, the State requested the trial court to substitute a duplicate of the indictment, but the trial court did not rule on the motion. Instead, the trial court denied appellant's motion for new trial. On appeal, appellant once again challenges the jurisdiction of the trial court because the State failed to comply with the procedural requirements of article 21.25 for substituting a duplicate indictment when the original is lost before trial.

■ "An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. 5, § 12(b). "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." *Id.* Thus, an indictment serves a notification function and a jurisdictional function. *Cook v. State,* 902 S.W.2d 471, 475 (Tex.Crim.App.1995). The filing of an indictment provides notice of the offense to allow the accused to prepare a defense and vests the trial court with jurisdiction over a felony offense. *Id.* If an indictment is lost before trial, a trial court does not obtain jurisdiction over the person or the subject matter without a substitution or presentment

of a new indictment by the grand jury. *See Hollingsworth v. State,* 87 Tex.Crim. 399, 221 S.W. 978, 980 (Tex.Crim.App.1920) (no jurisdiction in absence of order substituting copy of indictment for original, even though defendant had entered his plea to the original indictment), *overruled on other grounds by King v. State,* 473 S.W.2d 43, 46 (Tex.Crim. App.1971); *Burrage v. State,* 44 S.W. 169 (Tex.Crim.App.), (substituting a copy of indictment for lost original is a jurisdictional fact that must be shown), *on reh'g,* 44 S.W. 1104 (Tex.Crim.App.1898).[1] A substituted or new indictment is necessary when the original indictment is lost because "[j]urisdiction vests only upon the filing of a valid indictment in the appropriate court." *See Cook,* 902 S.W.2d at 475.

Article 21.25 authorizes the trial court to substitute a duplicate indictment in the trial court's file if the original indictment is lost as follows:

> When an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court; and the same shall be entered upon the minutes of the court. In such case, another indictment or information may be substituted, upon the written statement of such attorney that it is substantially the same as that which has been lost, mislaid, mutilated, or obliterated. Or another indictment may be presented, as in the first instance; and in such case, the period for the commencement of the prosecution shall be dated from the time of making such entry.

TEX.CODE CRIM. PROC. ANN. art. 21.25 (Vernon 1989). The Texas Legislature has carried such language forward from earlier codes of criminal procedure in virtually identical form since at least 1879. *Glover v. State,* 740 S.W.2d 94, 96 (Tex.App.—Dallas 1987, no pet.). In construing this article, the court of criminal appeals has consistently held to effectively substitute a duplicate indictment

---

1. In *Burrage,* the court of criminal appeals enunciated the procedural requirements for substituting a duplicate indictment when the original indictment has been lost before trial. 44 S.W. 169. Finding the record did not reflect that the trial court entered an order substituting a duplicate, the *Burrage* court reversed and remanded

the cause to the trial court. On rehearing, the court of criminal appeals noted the record had been perfected. *Burrage v. State,* 44 S.W. 1104, 1105 (Tex.Crim.App.1898). Without discussion, the court held the trial court did not err in substituting the lost indictment and affirmed the judgment of the trial court. *Id.*

where the original has been lost before trial, the record must show that

> [T]he state's attorney had filed a formal motion setting out (1) the loss of the indictment; (2) an exact or substantial copy thereof; (3) a statement by such attorney that same is, in substance at least, the same as the lost indictment; [and] (4) a showing that a judgment of the substitution was entered and carried into the minutes of the court.

*Maples v. State*, 126 Tex.Crim. 153, 70 S.W.2d 198, 200 (1934) (op. on denial of second motion for reh'g) (citing *Burrage*, 44 S.W. at 169); *see also White v. State*, 72 Tex.Crim. 16, 160 S.W. 703 (Tex.Crim.App. 1913) (holding record must affirmatively show that the substitution was actually made by the prosecutor's written motion and the trial court's order).

In this case, the State failed to meet the procedural requirements of article 21.25. The record reflects the original indictment was lost before trial. Although the prosecutor filed the State's copy of the indictment in the trial court's file, the prosecutor did not timely file a written motion of substitution conforming to the requirements of article 21.25. The prosecutor later filed a statement requesting substitution after trial at the hearing on appellant's motion for new trial but the trial court took no action on the motion. Consequently, no order or judgment substituting the State's copy for the original indictment appears in the record or the minutes of the trial court.

The State concedes the original indictment was not in the trial court's file and the purported indictment was "merely a Waiver of Constitutional Rights, etc." Nevertheless, the State contends the prosecution substantially complied with the requirements of article 21.25 in substituting the indictment as articulated in opinions prior to 1930. The State asserts that these early opinions require the prosecution to suggest the loss of the original indictment to provide notice to the accused. Here, the State contends, appellant had notice of the lost indictment as reflected in his objection to the trial court. Second, the State argues, the old cases require the trial court to grant substitution,

and in this case, the trial court granted the substitution by overruling appellant's objection. Third, the State claims, the substitution must in fact have been made. Here, the State maintains, the substitution was made when the prosecution filed the duplicate indictment in the minutes of the court on the date trial commenced.

■ We disagree. First, appellant does not assert that he was denied notice of the charges against him. The record reflects that appellant received notice of the charges against him when the prosecutor read the indictment at arraignment. Reading of the indictment is required by article 36.01 of the Texas Code of Criminal Procedure to inform the accused of the charge against him. TEX. CODE CRIM. PROC. ANN. art. 36.01 (Vernon Supp.1998). Reading the indictment, however, does not vest the trial court with jurisdiction. *Santos v. State*, 834 S.W.2d 953, 956 (Tex.App.—Beaumont 1992, pet ref'd). It is the filing of the indictment that vests the trial court with jurisdiction. *Id.*

■ Furthermore, to effectively substitute a duplicate, the record must show the loss of the original indictment and the substitution of a duplicate, which is a judicial act. *Hollingsworth*, 221 S.W. at 979. In adjudicating the substitution of a duplicate indictment, the trial judge must be satisfied of the existence and loss of the original indictment and that the copy presented is a substantial copy of the one lost. *Burrage*, 44 S.W. at 169. Once satisfied, the trial judge should make a formal order or judgment substituting the same for the original indictment and enter the judgment in the minutes of the court. *Id.* If missing from the record, this court cannot presume that such an order existed. *Id.* Here, the record does not affirmatively reflect that a substitution was made. The trial judge's rulings on appellant's oral challenge to the trial court's jurisdiction and his written motion for new trial do not constitute formal orders or judgments of substitution.

■ The State, nevertheless, claims appellant is barred from challenging the trial court's findings concerning the duplicate indictment because appellant failed to contro-

vert the prosecutor's testimony regarding the validity of the substituted indictment. A trial court's findings concerning the validity of a substituted indictment are final if supported by evidence in the record. *See Broussard v. State,* 471 S.W.2d 48, 50 (Tex.Crim.App. 1971). Appellant, however, does not challenge the validity of the State's copy of the indictment but whether the State complied with the procedural requirements to substitute the copy and vest the trial court with jurisdiction to hear the case. Unlike the present case, the prosecutor and the trial court in *Broussard* complied with the procedural requirements of article 21.25. *Id.* at 49. The appellant merely challenged the validity of the substituted indictment. *Id.*

The State also maintains appellant suffered no harm by the substitution, "if for no other reason than the facts adduced at trial supported the allegations contained in the indictment." Because the Texas Constitution requires the filing of a valid indictment or information in the appropriate court to vest the trial court with jurisdiction over a cause, the legislature has provided procedures by which a duplicate indictment may be substituted if the original is lost. *See* TEX.CODE CRIM. PROC. ANN. art. 21.25. A failure of a trial court to adhere to statutory procedures serving to protect a constitutional provision is a violation of the statute, not a violation of the constitutional provision itself. *Ex parte Long,* 910 S.W.2d 485, 486 (Tex.Crim.App. 1995). Failure to adhere to a legislative directive or mode of proceeding designed to safeguard a constitutional right will be cognizable only when the omission results in the denial of a constitutional protection. *Ex parte Tovar,* 901 S.W.2d 484, 485 (Tex.Crim. App.1995).

■ Both the United States Constitution and the Texas Constitution guarantee the right to a grand jury indictment. U.S. CONST. amend. V; TEX. CONST. art. I, § 10. Because the State failed to effectively substitute a duplicate indictment for the lost original, the State denied appellant the right to a grand jury indictment and the trial court of the authority to render judgment. Nevertheless, the trial court proceeded without authority over the cause, to try and convict appellant of a felony offense. Although the conviction is void, the error is anything but harmless.

■ Finally, the State argues because appellant failed to object to the indictment until the day trial commenced, he waived complaint to the substitution of the duplicate indictment under article 1.14(b) of the Texas Code of Criminal Procedure. "After jurisdiction vests, a defendant has a duty to object to any defects of form or substance or such is waived." *Ex parte Long,* 910 S.W.2d 485, 486 (Tex.Crim.App.1995); *see* TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp. 1998). A valid indictment, however, is essential for jurisdiction, and is not subject to waiver. *Cook,* 902 S.W.2d at 480. Because jurisdiction did not vest, appellant had no duty to complain about a defect in the indictment. Instead, appellant challenged the absence of an indictment in the court's file and the jurisdiction of the trial court, both non-waivable complaints. Article 1.14(b) is inapplicable in this case. Because the State did not effectuate a valid substitution for the lost indictment, jurisdiction did not vest in the trial court. Consequently, the trial court erred in proceeding to trial against appellant. We sustain appellant's point of error, and reverse and remand the cause to the court below.