In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-549 CR


____________________



ROBIN DENISE DONLEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 17,027






OPINION


 A jury found Robin Denise Donley to be guilty of the offense of delivery by
constructive transfer of a controlled substance, methamphetamine, in an amount of more
than four (4) grams but less than two-hundred (200) grams. The Court assessed her
punishment at ten (10) years of confinement in the Texas Department of Criminal Justice,
Correctional Institutions Division, probated over ten (10) years of community supervision.
The sole issue presented on this appeal is whether the evidence is legally sufficient to
support the conviction. 

 Legally sufficient evidence supporting a conviction exists if the court, after
reviewing the evidence in the light most favorable to the prosecution, determines that a
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979). The elements of the offense are: (1) a person, (2) knowingly
or intentionally, (3) delivers, (4) a controlled substance. Tex. Health & Safety Code
Ann. § 481.112(a) (Vernon 2003). A delivery may be effectuated though: (1) actual
transfer, (2) constructive transfer, or (3) an offer to sell. Tex. Health & Safety Code
Ann. § 481.002(8) (Vernon Supp. 2004). An actual transfer consists of a complete
transfer of real possession and control of the contraband from the transferor to the
transferee or his agents, while a constructive transfer covers a variety of situations where
the transferor does not manually transfer the contraband to the transferee, but may include 
a transfer through an intermediary and a transfer effected by telling the recipient where the
contraband is located. Sims v. State, 117 S.W.3d 267, 270-77 (Tex. Crim. App. 2003);
Heberling v. State, 834 S.W.2d 350, 354 (Tex. Crim. App. 1992). This indictment
alleged a constructive transfer, and the jury charge included both an abstract definition and
an application of the law of parties. See Tex. Pen. Code Ann. §§ 7.01, 7.02 (Vernon
2003). There were no objections to the charge. Thus, the charge authorized the jury to
convict Donley if it found beyond a reasonable doubt that Donley, acting with intent to
promote or assist the commission of the offense, aided or attempted to aid another person,
to deliver the methamphetamine by constructive transfer. 

 The record reflects that an undercover narcotics officer and a confidential informant
initially visited Robin Donley, Tim Donley and a man named John Taylor III, at a
residence shared by all three. The officer testified that he smelled a very strong odor of
chemicals as soon as he entered the premises. It appeared that someone was trying to dry
methamphetamine in the oven. Taylor and the informant walked to the back of the trailer
to negotiate. The transfer did not take place at that time; instead, the buyers were
instructed to go to the informant's residence where the delivery would take place. The
appellant drove Tim Donley and Taylor to the complainant's residence. The appellant sat
with the officer while Taylor was in the back with the informant. She mentioned that she
knew the officer from somewhere; he gave her a false name. The officer placed $370 on
the coffee table. When the two men re-entered the room, Taylor picked up the money and
placed the contraband, 7.13 grams of methamphetamine, on the table. In Donley's
presence, Taylor explained how to cut the drugs with baby laxative to increase its volume.
They left after about five minutes, with Donley once again driving. 

 At trial, Donley argued that the evidence established no more than Donley's mere
presence at a transfer by Taylor. On appeal, the appellant argues that the evidence is
insufficient because the evidence did not place her in actual possession of the contraband,
she did not negotiate the sale, she did not handle the money, and the evidence did not
establish that Taylor transferred the drugs at her instruction. She did, however, have
control of the premises where the methamphetamine was being manufactured, kept an eye
on a stranger while the co-defendant negotiated the deal, and transported the contraband
to the drop point for the specific purpose of effectuating the exchange of the
methamphetamine for cash. This evidence is sufficient for the jury to rationally find that
Donley aided and assisted Taylor in the commission of the delivery. 

 To the extent that her brief may be construed to argue that the State proved an
actual rather than a constructive transfer, the facts in this case are similar to the facts in
Sims, where a constructive transfer preceded the actual transfer. Sims, 117 S.W.3d at 270. 
In Sims, the appellant pointed to the spot where the drugs were; the undercover officer
retrieved the contraband, then negotiated a price for them. Id. at 268. Similarly, in a case
where the appellant negotiated the deal and his spouse manually transferred the contraband,
we held that the evidence supported the charged offense of delivery as a party to an actual
transfer, but noted that the same facts would have also supported a prosecution for delivery
by constructive transfer. Santos v. State, 834 S.W.2d 953, 954 (Tex. App.--Beaumont
1992, pet. ref'd). The facts here demonstrate a voluntary relinquishment of possession and
control by Taylor, followed by assumption of possession and control by the undercover
narcotics officer. Taylor's actions affected a constructive transfer, and the officer's actions
completed an actual transfer. Donley is criminally responsible for Taylor's conduct under
the law of parties. 

 The issue is overruled, and the conviction is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on April 22, 2004

Opinion Delivered June 30, 2004

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.