## SAM GRAHAM v. THE STATE.

LOST INDICTMENT, SUBSTITUTION OF.—The failure of the record to show that the substitution of a lost indictment was made by the permission of the court is fatal on appeal.

APPEAL from Shelby. Tried below before the Hon. George Lane.

No counsel for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

IRELAND, ASSOCIATE JUSTICE.—The defendant was indicted in the District Court of Shelby county and found guilty of an assault on one M. Broom with intent to mur-

der, and the punishment fixed at three years' confinement in the penitentiary. There is what purports to be a statement of facts, found in the record, agreed to by counsel, but there is no certificate or approval by the presiding judge; and under the authority of the former rulings of this court this statement cannot be treated as a part of the record. (Johnson *v.* The State, 29 Tex., 492.)

The record filed in this court discloses the fact that the indictment on which appellant was tried was substituted by the district attorney for the original, which does not appear in the record.

After the copy of the indictment the following appears: "I say that this substituted indictment is substantially the same as the one which has been lost or mislaid in this case, this July 24th, 1874. D. S. Carnahan, Dist. Att'y, 5th judicial district." This statement of the district attorney is not sworn to. There is no order of court allowing the substitution, nor is there any order of court showing that the substitution was ever made. There is no appearance in this court for appellant, and we are asked by the Attorney General to affirm the judgment. It is urged that the appellant, having plead to the indictment and gone through the trial, ought not to be heard to raise this objection after conviction. Motions for a new trial and in arrest of judgment were made and overruled, in which this objection was raised.

Article 2873 of Paschal's Digest reads thus: "When an indictment has been lost or mislaid the district attorney may suggest the fact to the court and the *same* shall be entered upon the minutes of the court, and in such case another indictment may be substituted upon the written statement of the district attorney that it is substantially the same as that which has been lost or mislaid." * * *

There has, undoubtedly, been an attempt to comply with this provision of the law. There is nothing in this record from which we are enabled to judge whether either the

court or the defendant were ever informed that the trial was not being had on the indictment returned into court by the grand jury until the motion for a new trial was filed.

We impute nothing wrong to the district attorney, and suppose the omission to have been an oversight; still when the liberty of a party is jeopardized, as in this case, the court cannot supply by presumption a defect in the record that the statute requires shall verify itself by an inspection.

The law requires all felonies to be tried upon indictment. (Paschal's Dig., art. 2859.) An indictment is the work of a grand jury and the court. The statute allowing the substitution, in view of the constitutional right and the grand jury system, is an extraordinary provision. It allows the district attorney to be the judge of whether the substituted paper is in fact a copy—a "substantial copy." Thus he is substituted for court and grand jury upon his mere statement, judging for himself what is material and what is not.

In view of these facts we deem it proper that the record shall show that the suggestion was made in open court, as the law requires.

The reasons urged by the attorney general why defendant should not now be heard to make this objection would apply with equal force to every motion in arrest of judgment. It might then be urged that the party, having gone to trial and "taken his chances for an acquittal," should not be heard to urge defects apparent on the face of the indictment; yet such is not the practice or the law. (25 Tex., 795; 20 Tex., 780.) Matters good in arrest of judgment are good on appeal. (Linney *v.* The State, 9 Ia., 309.)

We hold that the failure of the record to disclose the fact that the substitution of the indictment was brought home to and made by permission of the court is fatal to the conviction; and the judgment is reversed and the cause remanded.

REMANDED.