## HENRY CARTER v. THE STATE.

### No. 1971. Decided March 21, 1900.

**1. Substitution of Lost Indictment.**

To supply by substitution the loss of an indictment, the minutes of the court must show not only the suggestion of the loss and the leave to substitute, but must also show that substitution has been in fact made. Code Crim. Proc., art. 470.

**2. Same—Presumptions.**

No presumption will be indulged to verify a substituted indictment or to supply a proper order in the minutes of the court. The record must affirmatively show, as a fact, that the substitution was actually made; and the failure of the record to show that the substitution was made by permission of the court will be fatal on appeal, and no certificate of the prosecuting attorney or agreement of counsel will suffice further than as evidence which could be used in regard to a proper substitution.

APPEAL from the District Court of Kaufman. Tried below before Hon. J. E. DILLARD.

The appellant, Henry Carter, was convicted of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion of the court below being limited to the question of the validity of the substitution of the indictment, renders a statement of the facts unnecessary.

*Gossett, Young & Cunningham,* for appellant, filed an able brief.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

There is in the record what purports to be a substitute indictment, which charges appellant with the murder of Charles Carter by striking him with a stick of wood; the same being a deadly weapon, etc. The only evidence in the record in regard to the substitution is found in the following language: "I, Jed C. Adams, county attorney in and for Kaufman County, Texas, do certify and state, in my said official capacity, that the within and foregoing writing is substantially the same indictment as that which has been mislaid, and the same that is referred to in my written suggestion this day filed herein, and herewith presented to the court." This was signed officially by said Adams, as county attorney of said county. Following this we find this indorsement: "We, the attorneys for the defendant, do agree that this is a true substituted indictment in this cause." This is signed by appellant's attorneys. It is contended the judgment must be reversed because of the failure of a proper substitution of said indictment. The record does not contain any written suggestion of said county attorney as to why the indictment should be substituted, nor is there a judgment in the record ordering the substitution. Article 470, Code of Criminal Procedure, provides: "When an indictment or information has been lost, mislaid, mutilated, or obliterated, the district or county attorney may suggest the fact to the court; and in such case another indictment or information may be substituted upon the written statement of the district or county attorney that it is substantially the same as that which has been lost, mislaid, mutilated, or obliterated. Or another indictment may be presented as in the first instance, and in such case the period for the commencement of the prosecution shall be dated from the time of making such entry." In Burrage v. State (Texas Criminal Appeals), 44 Southwestern Reporter, 169, it was held that: "The rule of practice under this statute has been held to require the presentation of a formal motion alleging the loss of the indictment and asking permission to substitute the same. This should be accompanied by a copy of the indictment, or a written statement by the district or county attorney that it is substantially the same as the lost indictment. The statute does not require, but we think the better practice would be to serve notice on defendant of the motion to substitute. On the trial before the court the judge adjudicates the matter; and if satisfied of the existence and loss of the original indictment, and that the copy presented is a substantial copy of the one lost, he should make a formal order or judgment substituting the same for the

41st Crim. Rep.—39

original indictment. This judgment should be entered in the minutes of the court, and constitute a part of the record." In support of this statement the following authorities are cited: Clampitt v. State, 3 Texas Crim. App., 638; Turner v. State, 7 Texas Crim. App., 596; Rogers v. State, 11 Texas Crim. App., 608; Strong v. State, 18 Texas Crim. App., 19. To supply by substitution the loss of an indictment, the minutes of the court must show not only the suggestion of the loss and leave to substitute, but must also show that substitution has been in fact made. Presumptions will not be indulged to verify a substituted indictment, or supply a proper order in the minutes of the trial court. Turner v. State, 7 Texas Crim. App., 596. The record, therefore, must affirmatively show as a fact that the substitution was actually made. Turner v. State, supra; Rogers v. State, 11 Texas Crim. App., 608; Magee v. State, 14 Texas Crim. App., 366; Beardall v. State, 9 Texas Crim. App., 262; Strong v. State, 18 Texas Crim. App., 19. And it has been held, so far as we are aware, since Graham's case, 43 Texas, 552, that the failure of the record to show that the substitution of the lost indictment was made by permission of the court will be fatal on appeal. The agreement of counsel is not a substitution, nor a judgment of substitution, but is evidence which could be used in regard to a proper substitution. It is not necessary to enter into a discussion of the question as to whether the record shows at what time the indictment was substituted,—whether before or after the plea. The record itself does not show when this was done. It simply shows that, as stated above, it had been mislaid, and the attorneys for defendant agreed that this was a substantial copy of the indictment which had been "mislaid." As the record is before us, it fails to show that entry of this matter was made in the minutes of the court, and the only evidence in regard to it at all are the matters above stated. Without a proper order on the minutes of the court, substituting the indictment, there is nothing to justify us in holding there was a substitution, and without this the judgment on this appeal must be set aside. Authorities cited supra. For the error discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.