## W. J. REED v. THE STATE.

### No. 2262.   Decided March 20, 1901.

**1. Substitution Nunc Pro Tunc of Lost Information.**

Where an information was substituted without a motion having been made alleging the loss of the original and asking permission to substitute, and the accused was tried and convicted upon such illegally substituted information, and had perfected an appeal from said judgment of conviction, Held, his appeal, under the provisions of article 884, Code of Criminal Procedure, suspended and arrested all further proceedings in the trial court; and the information could not be substituted in said court nunc pro tunc, it having been lost prior to his trial.

**2. Aggravated Assault Upon a Woman—Impeachment of Witness.**

On a trial for aggravated assault upon a woman, it is not competent, on cross-examination of a witness of defendant, used for the purose of impeaching him, to prove by him that at a different time and place he was in a wine room drinking beer with a prostitute when a certain killing took place.

**3. Same.**

On cross-examination of defendant as a witness, it is not competent to prove by him that a certain party told him (defendant) that the prosecutrix, the assaulted woman, was a bitch and a whore, and that he (defendant) believed it, and that on that account he went and took her in his buggy to a musical.

APPEAL from the County Court of Tarrant. Tried below before Hon. M. B. HARRIS, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The information charged that appellant, an adult male, committed an aggravated assault upon Lizzie Riddings, a female, on the 30th of April, 1900. He had started with Lizzie Riddings to go in a buggy to a musical, and, on the road, attempted to take indecent liberties with her person, when she jumped out of the buggy and sought refuge in the house of a neighbor, where she spent the night. Defendant introduced witnesses to prove that her reputation for chastity was bad.

No further statement necessary.

No briefs for appellant found with the record.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was fined $25 under a conviction for aggravated assault. He was tried upon what purports to be a substituted information. The prosecution failed to present a motion alleging the loss of the information and asking permission to substitute the same. This was necessary. Burrage v. State, 44 S. W. Rep., 169. For collation of authorities, see subdivision 3 of White's Annotated Code of Criminal Procedure, section 409. Motion for new trial was overruled and recognizance entered into on the 17th of September. In the latter part of October these matters were set aside by the court, and the State then filed a motion to substitute, nunc pro tunc, the lost information. Exception was also reserved to this. This could not be done. See White's Annotated Code of Criminal Procedure, article 884, which provides: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal is taken; provided, that in case where, after notice of appeal has been given, the record or any portion thereof is lost or destroyed it may be substituted in the lower court," etc. This loss occurred before the trial, and the substitution subsequent to the trial could not be had in the manner done here. Quarles v. State, 37 Texas Crim. Rep., 363; Lewis v. State, 34 Texas Crim. Rep., 126; and for collation of authorities, see White's Ann. Code Crim. Proc., sec. 1236.

The State was permitted on cross-examination of the defendant's witness Smith to prove by him that he was in the wine room drinking beer with a woman when E. L. Theilman killed George Swift. The objection to this testimony was well taken. Appellant was indicted for making an aggravated assault upon the woman at a different time and place, and with which this killing had no connection. This was not the proper mode of impeachment.

On cross-examination of appellant the prosecuting attorney was permitted to prove by him that Ed Ridley told him that Lizzie Riddings was a bitch and a whore, and that he believed it, and went to Jessie Henderson's to take her to a musical at a neighbor's residence. Lizzie Riddings was the assaulted party. We do not believe this testimony was admissible. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*