### F. M. BROOKS v. THE STATE.

#### No. 3974.   Decided November 18, 1908.

**Swindling—Substitution of Indictment—Jurisdiction—Order of Court—Nunc pro Tunc.**

Where the record upon appeal, from a conviction of swindling, failed to show that the substitution of the lost indictment was made by permission of the court, such substitution was fatally defective. There must be a proper order authorizing the substitution, and while record entries in this behalf may be amended nunc pro tunc, presumptions cannot be indulged in to verify the substituted indictment.

Appeal from the County Court of Bowie. Tried below before Hon. Sam. H. Smelser.

Appeal from a conviction of swindling; penalty, a fine of $25 and one day confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of swindling and his punishment assessed at imprisonment in the county jail for one day and a fine of $25.

The record contains no statement of facts. Appellant filed a plea to the jurisdiction of the court, the first ground of which is, that the substituted indictment or pretended substituted indictment nowhere shows that said cause was transferred by the district clerk of Bowie County to the County Court of Bowie County; and, second,

because said pretended substitute indictment fails to show that any order was ever made by the district judge of the fifth judicial district, and of which Bowie County is one of the counties composing said district, transferring said cause to the County Court of Bowie County; and, third, because there nowhere appears in the face of said pretended substitute indictment, that any order was ever asked as required by law from said substitution or ever granted by the court; and, fourth, because said county attorney, Patrick G. Henry, has never made a written suggestion to the court as required by law that an indictment, if any, was ever filed in this cause. The indictment appears to be in the usual form, and immediately following same, in this transcript, we find the following statement: "I, Patrick G. Henry, County Attorney of Bowie County, Texas, representing the State in said cause, do hereby state that the foregoing indictment in the case of the State of Texas v. F. M. Brooks, No. 2879, upon the docket of this court, is substantially the same as the original indictment which has been lost, and is the same which I have prayed the court to substitute for said lost original." Signed officially by the county attorney.

This record fails to show that the substitution of the lost indictment was made by permission of the court, and is, therefore, fatal on this appeal. Graham v. State, 43 Texas, 550. Presumptions can not be indulged in to verify the substituted indictment; but the record entries may be amended nunc pro tunc, even at a subsequent term. Turner v. State, 7 Texas Crim. App., 596. For further authorities on this question see article 470, White's Annotated Code of Criminal Procedure. In the absence of a proper order of the court authorizing the substitution, the motion of appellant is well taken.

The record not showing that the court had jurisdiction to try the case under the substituted indictment it follows that the judgment must be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*