## CHARLEY WHITE v. THE STATE.

### No. 2788.   Decided November 12, 1913.

**Local Option—Substitution of Indictment—Jurisdiction.**

Where the substitution of the indictment was not made according to the provisions of article 482, Revised Code Criminal Procedure, but the county attorney only verbally asked permission of the court to substitute the lost indictment, and thereafter, at a subsequent term and after the case was appealed, undertook to comply with the law, the same was without jurisdiction, and constitutes reversible error.   Following Strong v. State, 18 Texas Crim. App., 19, and other cases.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. Geo. F. Ingraham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and fifty days confinement in the county jail.

The opinion states the case.

*V. E. Middlebrook,* for appellant.—On question of substituting indictment after notice of appeal:   Lewis v. State, 34 Texas Crim. Rep., 126; Quarles v. State, 37 id., 362; Sheegog v. State, 39 id., 126; Reed v. State, 42 id., 572; Hinman v. State, 54 id., 434; Nichols v. State, 55 id., 212.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $100 and fifty days imprisonment in the county jail.

Without going into a detailed statement this record presents this question:   When the case was called for trial there was no indictment; it was lost.   The county attorney verbally asked permission of the court to substitute.   This was granted by the court.   The county attorney wrote out an indictment, which he read to the jury.   Objection was urged to all this, and it was insisted that the law be complied with if substitution was to be had.   This trial occurred January 31st.   In August following the county attorney undertook to comply with the law by filing a written request and such other incidental matters as the law required as preliminary to substituting the indictment.   This was not done, however, at the January term of the court.   This, it will be recollected, was the County Court.   The conviction occurred in January and notice of appeal was given.   Court had adjourned and the jurisdiction of this court attached.   There was no authority for entering orders at the August term of the court.   All such proceedings were not authorized by our law.   Pending appeal lost papers may be substituted, but only when they are lost subsequent to the trial of the case after the attaching of the jurisdiction of this court.   That statute has no reference to substituting lost informations and indictments under

circumstances occurring in this trial. The substitution of such pleadings must be had under article 482, Revised Code of Criminal Procedure. That article provides "where an indictment or information has been lost, mislaid, mutilated or obliterated the district or county attorney may suggest that fact to the court and same shall be entered upon the minutes of the court, and in such case another indictment or information may be substituted upon the written statement of the district attorney or county attorney that it is substantially the same as that which has been lost, mislaid, mutilated or obliterated, or another indictment may be presented as in the first instance. And in such case the period for the commencement of the prosecution shall be dated from the time of making such entry." So it will be seen that the county attorney did not undertake to comply with the terms of this law. There was no written statement by him that the document he proposed to substitute for the lost or mislaid indictment was substantially the same as that lost and no written request or pleadings of any sort filed at that term of the court. This matter has been gone into in quite a number of cases, so we deem it necessary to review them or go into any extended discussion of the matter. It is stated that the order of the court is indispensable to the substitution of a record or filed paper. Burrage v. State, 44 S. W. Rep., 169; Strong v. State, 18 Texas Crim. App., 19; Rogers v. State, 11 Texas Crim. App., 608. And the record must affirmatively show that the substitution was actually made. Turner v. State, 7 Texas Crim. App., 596, and cases therein cited. See also Rogers and Strong cases, supra. See also Graham v. State, 43 Texas, 550; Clampitt v. State, 3 Texas Crim. App., 638; Carter v. State, 41 Texas Crim. Rep., 608. For a review of this matter see specially Carter v. State, supra. This necessarily causes a reversal of this judgment. Branch's Crim. Law, sec. 751.

The other questions in the case are not discussed; they may not arise upon another trial as they occurred upon this. They relate to questions of practice in regard to time allowed for filing bills of exception and statement of facts.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*