## M. MORRIS v. THE STATE.

### No. 7679.   Decided January 16, 1924.

**1.—Keeping Building for the Purpose of Selling Intoxicating Liquor—Substituting Indictment.**

In the absence of the original indictment or one shown to have been legally substituted under an order of the Court, the judgment must be reversed and the cause remanded. It is not only necessary to substitute the original indictment, but the Court's order must show that the paper presented be substituted for the original and lost indictment.

Appeal from the Criminal District of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of keeping a building for the purpose of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. H. Mount*, for appellant.—Cited Carter v. State, 58 S. W. Rep., 80; Muggue v. Adams, 76 Texas, 448.

*R. G. Storey*, Assistants Attorney General, for the State.

96T.C.—22

MORROW, Presiding Judge.—The conviction is for keeping a building for the purpose of selling intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

Provision is made in Article 482 of the P. C., for the substitution of a lost indictment. On the present record, it appears that on the 3rd day of November, 1922, the district attorney presented to the court a motion which contained an averment to the effect that on the 16th day of September, 1922, there had been legally presented against M. Morris, in cause No. 6332, an indictment charging him with the offense of possession of intoxicating liquor for the purpose of sale, and transporting liquor for the purpose of sale, and keeping and being interested in keeping a building as a place where intoxicating liquors were sold, and other counts in said indictment.

It was also averred in said motion that the indictment had been lost and after diligent search could not be found, and that the copy of the indictment attached to the motion was a substituted copy of the one returned by the grand jury. The court, on the hearing of the motion, took the testimony of the assistant district attorney and also of the attorney for the appellant. There was a conflict in their testimony touching the contents of the indictment. The assistant district attorney testified that he had never seen the indictment after it was filed, while the attorney for the appellant testified that he saw the indictment but that it was not like the one presented in that it charged a different offense.

The clerk of the court, who was the custodian of the indictment, had not been called as a witness to prove the loss or search for the original indictment. Its loss was not proved and was not a matter of judicial knowledge.

Another question arises from the record, namely, that there appears in the cause no order made by the court authorizing the substitution of the lost indictment. Such an order seems to be necessary. From one of the opinions of this court, the following quotation is taken:

"The rule of practice under this statute has been held to require the presentation of a formal motion alleging the loss of the indictment, and asking permission to substitute the same. This should be accompanied by a copy of the indictment, and a written statement by the district or county attorney that it is substantially the same as the indictment lost. The statute does not require, but we think the better practice would be, to serve notice on the defendant of the motion to substitute. On the trial before the court the judge adjudicates the matter; and if satisfied of the existence and loss of the original indictment, and that the copy presented is a substantial copy of the one lost, he should make a formal order or judgment substituting the same for the original indictment. This judgment should be entered in the minutes of the court, and constitutes a part of the record. See Clampitt v. State, 3 Texas App., 638; Turner v. State, 7 Texas

App., 596; Rogers v. State, 11 Texas App., 608; Strong v. State, 18 Texas App., 19. In this case there is no order or judgment of the court substituting the lost indictment, and we cannot presume that such an order existed. We think this order of substitution is a jurisdictional fact, and that it must be shown.'' (Burrage v. State, 44 S. W. Rep., 169.)

This conclusion is supported by the earlier case of Graham v. State, 43 Texas Reports, 551, in which the Supreme Court, speaking through Judge Ireland, said:

''The law requires all felonies to be tried upon indictment. (Paschal's Dig., art. 2859.) An indictment is the work of a grand jury and the court. The statute allowing the substitution, in view of the constitutional right and the grand jury system, is an extraordinary provision. It allows the district attorney to be the judge of whether the substituted paper is in fact a copy—a 'substantial copy.' Thus he is substituted for court and grand jury upon his mere statement, judging for himself what is material and what is not.''

Upon these reasons the record should show that the suggestion to substitute had been presented in open court, and that there had been spread on the minutes of the court, the court's order that the paper presented be substituted for the original and lost indictment. If an order of the court was made and entered authorizing the substitution of the indictment, it should appear in the record. If by inadvertence it had been omitted from the transcript this could be perfected on motion for rehearing by certiorari. See Burrage v. State, 44 S. W. Rep., 1104.

In the present state of the record and in the absence of the original indictment or one shown to have been legally substituted under an order of the court, the judgment must be reversed and the cause remanded. Such is the order.

*Reversed and remanded.*