L. C. CARTER v. THE STATE.

No. 13320. Delivered April 30, 1930.
Reported in 27 S. W. (2d) 821.

The opinion states the case.

*J. G. Minkert* of Bryan, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for wife desertion, punishment being ninety days' confinement in the county jail.

This cause appears to have been tried upon a substituted indictment. The transcript shows a written suggestion by the county attorney that the indictment was lost and asks leave to substitute, then follows in the transcript an indictment, but if an order was made directing substitution it is not shown. The record on appeal must contain the proper order of the court authorizing the substitution. Clampitt v. State, 3 Tex. Cr. App. 638; Strong v. State, 18 Tex. Cr. App. 19; Brooks v. State, 55 Tex. Cr. R. 122, 113 S. W. 920.

The State's attorney for this court directs attention to the indictment in the following particulars; it purports to have been returned by a grand jury impaneled for the September term, *1929,* but alleges the date of the offense to have been in July, *1924.* On the face of the indictment the offense was barred by limitation when the indictment was returned. Furthermore, the indictment alleges that accused "unlawfully and *willingly*" deserted his wife, etc. If the defects mentioned are the result of carelessness in preparing the transcript it is inexcusable, and if they actually reflect the record the defects are even more inexcusable.

The statement of facts fails to show when the alleged offense occurred. It fixes the time as being in the month of July about the time some sort of an "association" met, but wholly fails to give information as to what year it is supposed to have happened. See Sec. 441, Branch's Ann. Tex. P. C., for authorities.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*