GEORGE BURTON v. THE STATE.

No. 19784.  Delivered June 1, 1938.

The opinion states the case.

*John J. Watts,* of Crane, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft, a misdemeanor; penalty assessed at confinement in the county jail for one day and a fine of fifty dollars.

Upon an indictment filed in the district court of Crane County, the appellant was convicted in the county court of said county of a misdemeanor.

In our examination of the transcript, we note the statement of the county clerk to the effect that the indictment was lost during the trial of the case and for that reason is not copied into the record. Under the terms of Article 841, C. C. P., a copy of the indictment or information must appear in the transcript. See Vernon's Ann. Texas C. C. P., Vol. 3, p. 219, note 3.

The absence from the record of the original indictment, or one shown to have been legally substituted, requires a reversal of the judgment of conviction, and it is so ordered.