**Jorge Salinas CARRILLO, Appellant,**

v.

**The STATE of Texas.**

**No. 1389–98.**

Court of Criminal Appeals of Texas.

Sept. 15, 1999.

J. Sidney Crowley, Houston, for appellant.

William J. Delmore, III, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*O P I N I O N*

MEYERS, J., delivered the unanimous opinion of the Court.

Shortly after entering a plea of "not guilty," appellant challenged the jurisdiction of the trial court on the ground that there was not an original indictment in the court's file. The State claimed it was entitled to proceed on a duplicate original under Code of Criminal Procedure article 21.25, governing substitution of indictments or informations. The State said it

had a duplicate original marked "State's copy" which was returned at the same time as the original indictment. Appellant argued "no proof" had been offered that there was an original or that it had been "lost, mislaid, mutilated, or obliterated." The State again responded it had a duplicate original. The Court overruled appellant's objection, stating it would "proceed on the duplicate original." The following day the court stated that it was "not happy with the way [it had] handled" the proceedings involving the objection to the indictment the day before and asked the State "to represent the indictment," to "just ... redo it." The State read the purported duplicate into the record and the court again took appellant's plea of "not guilty."

Despite the trial court's ruling that it would proceed on the duplicate original and the State's reading of it into the record, such duplicate was never filed in the record during the trial.[1] Following the trial and conviction, appellant filed a motion for new trial, alleging noncompliance with article 21.25. He also argued that proper substitution was jurisdictional.[2] The trial court overruled appellant's motion.

On direct appeal appellant argued the trial court lacked jurisdiction due to the State's failure to comply with article 21.25.[3]

The Court of Appeals stated, "If an indictment is lost before trial, a trial court does not obtain jurisdiction over the person or the subject matter without a substitution or presentment of a new indictment by the grand jury." *Carrillo v. State*, 962 S.W.2d 719, 721 (Tex.App.—Houston [14th Dist.] 1998). In other words, a substitute or new indictment is necessary to maintain the trial court's jurisdiction when the original indictment is lost. Pointing to article 21.25, the Court of Appeals held the failure to comply with the requirements of that provision divested the trial court of jurisdiction.[4] *Id.* at 721–22.

■ A century ago, under the predecessor provision to article 21.25, this Court said that in order to properly substitute for a lost indictment, the requirements of the statute must be complied with and further, the "order of substitution is a jurisdictional fact [which] must be shown." *Burrage v. State*, 44 S.W. 169 (Tex.Crim. App.1898). This holding was made without citation to authority, but has been consistently followed, at least in decisions rendered over fifty years ago. *Carter v. State*, 41 Tex.Crim. 608, 58 S.W. 80 (1900); *Reed v. State*, 42 Tex.Crim. 572, 61 S.W. 925 (1901); *White v. State*, 72 Tex.Crim. 16, 160 S.W. 703 (1913); *Morris v. State*, 96 Tex.Crim. 337, 257 S.W. 899 (1924).

1. While the Court of Appeals' opinion says the day after the indictment was first challenged by appellant in the trial court, the State filed a duplicate of the original, *Carrillo v. State*, 962 S.W.2d 719, 721 (Tex.App.—Houston [14th Dist.] 1998), review of the record does not reflect any such filing.

2. Appellant cited *Burrage v. State*, 44 S.W. 169 (Tex.Crim.App.1898), discussed later in this opinion.

3. Appellant did not raise lack of jurisdiction until his motion for new trial, but the State did not complain before the Court of Appeals that this issue was not preserved.

4. Article 21.25, *When an indictment has been lost, etc.*, provides:

When an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest

the fact to the court; and the same shall be entered upon the minutes of the court. In such case, another indictment or information may be substituted, upon the written statement of such attorney that it is substantially the same as that which has been lost, mislaid, mutilated, or obliterated. Or another indictment may be presented, as in the first instance; and, in such case, the period for the commencement of the prosecution shall be dated from the time of making such entry.

TEX CODE CRIM. PROC. art. 21.25. The Court of Appeals pointed to the State's failure to timely file a written motion of substitution conforming to article 21.25, and obtain from the trial court an order or judgment substituting the copy for the original. *Carrillo*, 962 S.W.2d at 722.

There has been little caselaw in the past seventy-five years addressing the issue of replacing a lost indictment. The few cases that have mentioned the issue have generally held there must be a proper substitution, although none of these cases specifically discussed the jurisdictional problem mentioned in *Burrage. See, e.g., Burton v. State,* 135 Tex.Crim. 4, 117 S.W.2d 107 (1938)(indictment lost during trial and no substitution called for reversal); *Farrell v. State,* 125 Tex.Crim. 96, 66 S.W.2d 694 (1934)(record must show suggestion to substitute presented in open court and court's order for substitution on minutes of court); *Carter v. State,* 115 Tex.Crim. 614, 27 S.W.2d 821, 822 (1930)(record on appeal must contain proper order of court authorizing substitution).

■ The relationship between charging instruments and jurisdiction has experienced little short of a transformation in the past decade. Prior to constitutional amendments and statutory enactments in 1985, long standing caselaw held that certain defects in an indictment or other charging instrument rendered the trial court without jurisdiction over the case. Considered "jurisdictional", such defects could be raised for the first time on appeal. A constitutional amendment targeted at this body of law added to Article V, Section 12 of the Texas Constitution, the following provision:

> The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12. Pursuant to this language it is clear that once an indictment is presented,[5] jurisdiction vests and any later discovered defects in the indictment will not somehow divest the court of its jurisdiction.[6]

Retention of subject matter jurisdiction, once vested, was a theme visited by this Court in *Davis v. State,* 956 S.W.2d 555 (Tex.Crim.App.1997). We there addressed the long-held notion that retention of subject matter jurisdiction might depend upon procedural requirements or the statutory authority of the trial judge. The defendant claimed the order placing him on probation was void because the order referring his case to the magistrate who presided over the plea proceedings was signed two days *after* the defendant's plea. Relying on a case holding the authority of a magistrate to preside over a case is jurisdictional, the Court of Appeals held the after-the-fact referral never conferred jurisdiction on the magistrate. *Id.* at 557. The State argued the Court of Appeals erred in relying on such case since it did not take into account the amendment to Article V, Section 12 of the Texas Constitution (as stated above, now providing "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause"). The State reasoned that since the indictment invested jurisdiction in the district court for which the magistrate was acting, once vested, jurisdiction could not be lost by procedural irregularities in the manner in which the case was referred.

We agreed with the State, clarifying that jurisdiction should generally be viewed as vested in courts, not judges. Unlike subject matter jurisdiction in a court, the authority of a judge is not jurisdictional. "[I]f a judge is qualified and not constitutionally or statutorily disqualified, his actions are not void due to procedural

---

**5.** An indictment is "presented" when it is delivered by the grand jury, through its foreman, to the judge or clerk of court. At least nine members of the grand jury must be present. TEX.CODE CRIM. PROC. art. 20.21. The record reflects, in a document titled "Order of Presentment of Indictments and No Bills," the presentment of an indictment against appellant for the offense of possession with intent to deliver.

**6.** This assumes the instrument presented is, in fact, an "indictment" as defined by the Texas Constitution. *See Duron v. State,* 956 S.W.2d 547 (Tex.Crim.App.1997); *Cook v. State,* 902 S.W.2d 471 (Tex.Crim.App.1995). Appellant does not allege the instrument filed against him was not an "indictment" as so defined.

irregularities in the manner in which the case came before that individual, although it may be error rendering the conviction voidable." *Id.* at 559. We concluded the untimely referral order was a "procedural irregularity" that did not affect the court's jurisdiction. *Id.* at 560. While the case was not properly transferred, such error was not "jurisdictional."

The same rationale applies in the instant case. The procedural requirements of article 21.25 were not satisfied, and thus a duplicate indictment was not properly substituted. But the jurisdiction of the court, already vested, was not affected. Upon presentment of the indictment against appellant, jurisdiction vested. Nothing in the constitution or statutes suggests that continued presence of the indictment in the file or courtroom is necessary *in order to maintain already vested jurisdiction.* The fact that the indictment was later lost did not divest the court of jurisdiction; the fact that the procedural requirements of article 21.25 were not met did not cause the court to lose its jurisdiction. While prior caselaw held to the contrary, in light of the unequivocal language in the constitutional amendment to Article V, Section 12, this body of law is no longer valid. *Burrage, supra,* is overruled.[7]

The judgment of the Court of Appeals is reversed and this cause is remanded to that court for further consideration consistent with this opinion.

---

**7.** Also overruled are any cases purporting to follow *Burrage. See, e.g., Morris v. State,* 96 Tex.Crim. 337, 257 S.W. 899 (1924); *White v. State,* 72 Tex.Crim. 16, 160 S.W. 703 (1913); *Reed v. State,* 42 Tex.Crim. 572, 61 S.W. 925 (1901); *Carter v. State,* 41 Tex.Crim. 608, 58 S.W. 80 (1900).