Affirmed and Memorandum Opinion filed December 1, 2005









Affirmed
and Memorandum Opinion filed December 1, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00722-CR

____________

 

YOLANDA NINO LEIJA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 963,517

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Yolanda Nino Leija, was
convicted by a jury of third offender theft. 
The trial court assessed punishment at two years in the Texas Department
of Criminal Justice, State Jail Division. 
We affirm.








On October 1, 2003, Jesus Rivera, a loss
prevention investigator for Home Depot Stores, observed appellant enter the
store located in Webster, Texas with two companionsCa male and a
female.  The three persons split up, with
appellant pushing the shopping cart. 
Appellant went toward the Aseasonal@ area and placed a
fireplace tools set in the cart, and then went over to the lighting aisle where
she met her male companion, who placed a ceiling fan in the cart.  After placing two lighting fixtures in the
cart, appellant left the shopping cart with the man and then headed toward the
faucet aisle and met up with her female companion. 

Appellant and the other woman selected
faucets and placed them on the floor. 
While her companions placed the faucets in the shopping cart, appellant
moved over to the hardware department/knob aisle where she selected a large
number of cabinet knobs and placed them in her purse.  After appellant had finished selecting and
concealing cabinet knobs, she headed towards her companions in the main
aisle.  Her male companion had already
selected five gallons of paint and some cleaning supplies.  

The three of them headed toward the front
of the store, and appellant placed her purse in the shopping cart.  Appellant and the other woman approached the
head cashier at the front of the store, apparently asking the cashier where
something was located because the cashier pointed to another location in the
store.  While the cashier was distracted,
the male companion exited the store with the shopping cart.  

Rivera moved to detain the man once he
exited the store, but he was not able to do so because the man fled across
I-45.  By that time, Rivera had already
contacted the Webster police.  The Webster
police arrived and apprehended appellant and the other woman in the parking
lot.  They found 65 knobs in appellant=s purse.  The total value of the merchandise appellant
and her accomplices attempted to steal was $932.62 before taxes.  

In her first point of error, appellant claims she was
denied her constitutional right to be tried by an impartial tribunal.  In her second point of error, appellant
contends the trial court abused its discretion at the punishment hearing by
considering her failure to accept the plea bargain offers made before
trial.  The record reveals that three plea
bargain offers were made to appellant: (1) 12 months in state jail on November
6, 2003, (2) one year in state jail on January 6, 2003, and (3) 15 months in
state jail on February 12, 2004.  At the
sentencing hearing, the trial judge stated to appellant:








The Court is considering your prior record.  You have been through the system several
times.  You had several felony
convictions, gone to State jail.  You=ve had probation,
which has been revoked and you were born in 1960; so, you=re some 40, almost
44 years old and haven=t learned a lesson yet.  And you know the last couple times you=ve gotten six
months State jail and you=ve had all kinds of breaks.  And I think there were offers made in the
case before the facts came out that you didn=t want to even
consider, but considering this, I think this is exactly the kind of case that
calls for the maximum punishment.  I=m assessing your
punishment at two years in the State jail facility.[1]

Appellant argues the trial court=s comments
revealed a bias against the full range of punishment which prevented it from
weighing the sentencing evidence in an objective way.  The trial court denies due process of law and
due course of law when it arbitrarily refuses to consider the full range of
punishment for an offense or refuses to consider the evidence and imposes a
predetermined sentence.  McClenan v.
State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), overruled on other
grounds by De Leon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004); Teixeira
v. State, 89 S.W.3d 190, 192 (Tex. App.CTexarkana 2002,
pet. ref=d); Cole v.
State, 931 S.W.2d 578, 579B80 (Tex. App.CDallas 1995, pet.
ref=d).  The defendant, however, can waive complaints
of due process violations by failing to object in the trial court to its
failure to consider the full range of punishment or the evidence.  Eddie v. State, 100 S.W.3d 437, 441
(Tex. App.CTexarkana 2003, pet. ref=d); Washington
v. State, 71 S.W.3d 498, 499B500 (Tex. App.CTyler 2002, no
pet.); Cole, 931 S.W.2d at 580. 
Appellant failed to object at the time the trial court made its comment
during sentencing, thereby waiving any complaint on appeal.  








However, relying on the Texas Court of Criminal Appeals= plurality opinion
in Blue v. State, appellant asserts the trial court=s stated reasons
for assessing the maximum punishment revealed a lack of impartiality amounting
to structural error, for which no objection is necessary to preserve
error.  41 S.W.3d 129 (Tex. Crim. App.
2000) (plurality op.).  In Blue,
the trial court said to the jury:

[This case], which we are going on,
is a situation where the attorney has been speaking to his client about what
does he want to do.  And when you are on
the button like these cases, it's a question. 
Frankly, an offer has been made by the State or do I go to trial.  And he has been back and forth so I finally
told him I had enough of that, we are going to trial.  You have been sitting out here and this is
holding up my docket and I can't get anything done until we know if we are
going to trial or not.

Frankly, obviously, I prefer the defendant to plead because
it gives us more time to get things done and I'm sure not going to come out
here and sit.  Sorry, the case went away
and we were all trying to work toward that and save you time and cost of time,
which you have been sitting here and I apologize about that.  I told the defendant that.  Like I said, I have enough of this and going
to trial.

Id. at 130. 
The plurality court concluded the trial court=s comments
imparted information to the venire that tainted the presumption of
innocence.  Id. at 132.  Such comments were fundamental error of
constitutional dimension, requiring no objection.  Id. 
In a concurring opinion, Judge Keasler stated he believed the trial
judge=s comments could
be reasonably interpreted as a predetermination of the defendant=s guilt, thereby
implicating the right to an impartial judge. 
Id. at 138 (Keasler, J., concurring).  








As a plurality opinion, however, Blue
is not binding precedent.  Jasper v.
State, 413, 421 (Tex. Crim. App. 2001); Murchison v. State, 93
S.W.3d 239, 262 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). 
Even if Blue were binding, the trial court=s comments in this
case do not rise to the level in that case. 
In Blue, the trial court complained to the jury that the
defendant had been holding up his docket and he wished the defendant would
plead guilty, suggesting that he believed the defendant was guilty.  41 S.W.3d at 130.  Here, the trial court=s comment was no
made in front of the jury, but, instead, was made to the defendant after
appellant had been found guilty by a jury. 
Moreover, in assessing appellant=s sentence, the
trial court specifically emphasized appellant=s previous
convictions, that at her age she had not Alearned a lesson
yet,@ and that she had
had Aall kinds of
breaks,@ not that she had
failed to accept a plea bargain.  

Appellant, however, claims the trial court=s alleged bias
against her for not accepting a plea bargain is further evidenced by (1) its
apology to the members of the venire panel for keeping them waiting in the
hallway, explaining that the court had Ahad an extremely
busy morning.  We=ve had many cases,
many pleas.  We=ve even taken
pleas from other courts@; and (2) its
comment just after the conclusion of the charge conference and immediately
before closing arguments, Awe can go ahead
and do the arguments then.  You=re going to rest
and close.  And let=s get [appellant]
up here, and apparently we did not have any pleas, right?@[2]

In its comment to the venire panel, the
trial court did not mention appellant. 
In its comment just prior to closing, the trial court was merely
confirming that there had been no guilty plea in this case.  Even when considered with the trial court=s other references
to Apleas,@ its comment to
appellant during sentencing does not show it failed to consider the full range
of punishment or that the two-year sentence was a predetermined sentence.  Appellant=s first and second
points of error are overruled.  

In her third point of error, appellant asserts the trial
court abused its discretion by overruling her objection to her custodial
statements which did not comply with Article 38.22 of the Texas Code of Criminal
Procedure.[3]  Prior to opening statements, the following
exchange among the trial court, defense counsel, and the prosecutor took place:

MR. VINAS [The State=s Attorney]:  Your Honor, for the record, could I -- I=d like to in limine on two
issues.  Well, these are the witnesses
but basically there is a co-defendant that made statements to these folks and
unless she shows up I=m asking the Court to instruct the
witnesses not to mention anything the co-defendant said or the co-actor.








THE COURT:  I don=t know if that=s an agreement, but we have not talked about it.

MR. MARTINEZ [Appellant=s Counsel]:  I=m filing a Motion in Limine.

MR. VINAS:  If it becomes relevant, I will approach
before offering the statement of co-actors.

THE COURT:  There may be hearsay, but, yeah, if you=re going to, try to bring that in,
I instruct the witnesses not to bring that up until you approach the bench.  Just don=t state what the co-defendant said unless Mr. Vinas
approaches the bench and gets approval to do that.

MR. MARTINEZ:  Yes, sir. 
She made a statement.  I don=t think it=s incriminatory, but I would
appreciate anything that=s made about the statement that we
have a 38.23.  I don=t think it=s an admission, but I still don=t think it=s admissible.

THE COURT:  I don=t know whether it was an in-custody statement or what the
circumstances were.

MR. VINAS:  I=ve spoken to the officer about it.  She was detained.  It was a verbal statement.  It was not a confession.  Basically she said she didn=t know the other male defendant and
obviously she had been seen with him before. 
So it wasn=t in custody at all.

THE COURT:  Not in custody.  It might be admissible if they=re investigating and she didn=t know him.

MR. VINAS:  She=s not in the squad car. 
So, 38. 22 do [sic] not apply.

THE COURT:  Is that the only statement we=re talking about?

MR. VINAS:  Yes, Your Honor.

THE COURT:  I think I=ll let that in.

MR. MARTINEZ:  All
right, Judge.








During the presentation of the State=s case, a Webster
Police officer, who answered a call at the Home Depot store, testified that
appellant said she did not know the man with whom she was seen in the
store.  Appellant complains that, in his
closing argument, the prosecutor suggested appellant=s denial to the
police that she knew the man was a lie which incriminated her.  Appellant argues error was preserved by her
attorney=s objection prior
to the presentation of the State=s case because it
was specific enough to let the trial court know that the objection was based on
Article 38.22.  

However, appellant never preserved the
issue for review because counsel never objected to the admission of appellant=s statement.  Appellant=s Aobjection@ was, at best, no
more than a motion in limine, and it is well established that a motion in
limine preserves nothing for review.  Mann
v. State, 122 S.W.3d 171, 190 (Tex. Crim. App. 2003).  A motion in limine is defined as a procedural
device that permits a party to identify, before trial, certain evidentiary
rulings that the court may be asked to make so as to prevent the asking of
prejudicial questions and the making of prejudicial statements in the presence
of the jury.  Onstad v. Wright, 54
S.W.3d 799, 805 (Tex. App.CTexarkana 2001,
pet. denied).  Thus, a ruling on a motion
in limine does not purport to be one on the merits but one regarding the
administration of the trial.  Harnett
v. State, 38 S.W.3d 650, 655 (Tex. App.CAustin 2000, pet.
ref=d).  Here, the trial court incongruously responded
to appellant=s motion in limine with, AI think I=ll let that in.@  Whether the trial judge intended her
statement to be a ruling on the merits of the issue or simply a prognostication
on a possible future ruling is unclear. 
In any event, it was appellant=s burden to obtain
an adverse ruling by clarifying whether the court was ruling on the merits,
suggesting a probable ruling based on the prosecutor=s recitation of
the facts, or merely denying a motion in limine.








Moreover, even if appellant had properly
preserved the issue for review, her contention would have no merit.  Officer Beaton, of the Webster Police
Department, testified that appellant=s statement was
made while appellant was being detained, and prior to her arrest.  The non-custodial nature of the statement
seems to have been accepted by all parties as Beaton was not challenged or
cross-examined on this issue, and no evidence was offered to show appellant
had, in fact, been arrested before she uttered the statement at issue.  Statements made to police by persons who have
been temporarily detained are non-custodial in nature and, thus,
admissible.  Hernandez v. State,
107 S.W.3d 41, 47B48 (Tex. App.CSan Antonio 2003,
pet. ref=d); State v.
Waldrop, 7 S.W.3d 836, 839 (Tex. App.CAustin 1999, no
pet.).  Accordingly, appellant=s third point of
error is overruled.

In her fourth point of error, appellant
complains the amended indictment failed to charge her with a criminal offense
and thus failed to vest the trial court with jurisdiction.  In her fifth point of error, appellant
complains structural error occurred when the trial was conducted on the
original indictment which had been superseded by a defective amended
indictment. 

On April 5, 2004, the State filed a motion
for leave to amend the indictment.  The
motion also set out the text of the of the proposed amended indictment.[4]  Appellant argues the amended indictment
failed to charge her with an offense and, therefore, the trial court was
without jurisdiction to proceed to trial. 
Appellant argues that by setting forth the text of the amended
indictment in its motion and serving a copy on defense counsel, the State
effectively amended the original indictment. 








Contrary to appellant=s assertion, the
State=s motion for leave
to amend the indictment and the trial court=s order granting
leave do not comprise the amended indictment. 
Pursuant to Articles 28.10 and 28.11 of the Texas Code of Criminal
Procedure, the State is provided with the opportunity to amend an
indictment.  Tex. Code Crim. Proc. Ann. arts. 28.10B.11 (Vernon
1989).  However, A[n]either the
motion [to amend] itself nor the trial judge=s granting thereof
is the amendment; rather, the two compromise the authorization for the eventual
amendment of the charging instrument pursuant to Art. 28.10.@  Ward v. State, 829  S.W.2d 787, 793 (Tex. Crim. App. 1992), overruled
on other grounds by Riney v. State, 28 S.W.3d 561 (Tex. Crim. App. 2000)
(emphasis in original).  AIt is acceptable
for the State to proffer, for the trial court=s approval, its
amended version of a photocopy of the original indictment.@  Riney, 28 S.W.3d at 565.  The clerk=s record contains
the original indictment and the amended indictment, which apparently is a
photocopy of the original with physical interlineationsCan acceptable
method of amending an indictment under Riney.  

Moreover, pursuant to Article V, Section
12 of the Texas Constitution, A[t]he presentment
of a an indictment or information invests the court with jurisdiction of the
cause.@  Tex.
Const. art. V, ' 12(b). 
Therefore, once an indictment is presented, jurisdiction vests and any
later discovered defect in the indictment does not divest the court of
jurisdiction.  Carrillo v. State,
2 S.W.3d 275, 277 (Tex. Crim. App. 1999). 
Appellant=s fourth and fifth points of error are
overruled.

Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 1, 2005.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Emphasis
added.





[2]  Emphasis
added.  





[3]  Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon 2005).  





[4]  The State=s motion for leave reads in its entirety:

COMES NOW the State of Texas, by and through it Assistant District
Attorney, Kelly Blackburn, and moves the court for leave to amend the
indictment in the above styled and numbered cause.

                                                                             I.

The State requests Indictment to be amended in the following
manner:  In the second paragraph of the
indictment, the date of offense be changed to February 5, 2003, in place of
February 3, 2003.

                                                                            II.

So that, being amended, and omitting the formal parts, the first and
third paragraphs on the indictment herein shall read as follows: . . . Before
the commission of the primary offense on February 5, 2003, in Cause No.
09030501, in the 180th District Court of Harris County, Texas, the Defendant
was convicted of the Felony offense of Theft.