CANTU V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-192-CR

PAUL CANTU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Paul Cantu appeals his conviction for failure to comply with sex offender registration requirements.  After a jury was impaneled, Cantu pleaded guilty to the offense and pleaded true to an enhancement allegation.  The jury assessed his punishment at forty-five years’ confinement, and the trial court sentenced him accordingly.  In a single point, Cantu contends that the trial court lacked jurisdiction to hear this case because the indictment failed to charge an offense.  Specifically, Cantu contends that the indictment “wholly fails to charge [him] with clarity and specificity sufficient to identify the penal statute under which the [S]tate intends to prosecute.”   

The indictment states that on or about May 12, 2004, Cantu

intentionally or knowingly fail[ed] to report to the local law enforcement authority, to wit: chief of police of Fort Worth, Texas, or his designee, with whom Defendant is required to register once each 90-day period and with whom Defendant is registered under the sex offender registration program, not earlier than the 83rd day before the 90th day and not later than the 98th day after the 90th day following the 17th day of September, 1992, the date Defendant first registered under the sex offender registration program to verify the information in the registration form maintained by said law enforcement authority and the Defendant had a conviction or adjudication for a sexually violent offense or had been convicted or adjudicated two or more times, namely, a conviction for aggravated rape with a deadly weapon, to wit: a knife, on the 3rd day of September, 1985, in the Criminal District Court Number Two of Tarrant County, Texas, in cause number 215875A, and a conviction for aggravated rape with a deadly weapon, to wit: a knife, on the 3rd day of September, 1985, in the Criminal District Court Number Two of Tarrant County, Texas, in cause number 215874A, and Defendant’s duty to register expires under article 62.12(A) of the Texas Code of Criminal Procedure,

And it is further presented to said court that prior to the commission of the offense or offenses set out above the said defendant had been convicted of an offense under article 62, Texas Code of Criminal Procedure, to wit: failure to comply with sex offender registration requirements in cause number 0820943D on the 20th day of May, 2002, in the criminal district Court Number Four of Tarrant County, Texas[.]

The presentment of an indictment vests the trial court with jurisdiction. 
 Tex. Const.
 art. V, § 12.  Only an indictment that fails to allege an offense or fails to allege that a person committed the offense will be so defective that it cannot vest jurisdiction.  
See id.
; 
Carrillo v. State, 
2 S.W.3d 275, 277 (Tex. Crim. App. 1999); 
Studer v. State
, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).  An indictment meets the constitutional requirement “if it accuses someone of a crime with enough clarity and specificity to 
identify the penal statute
 under which the State intends to prosecute.”  
Duron v. State
, 956 S.W.2d 547, 552 (Tex. Crim. App. 1997). 

Under prior article 62.10, in effect on the date of the offense, a person commits an offense if he fails to comply with any requirement of chapter 62.  Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, art. 62.10, 1997 Tex. Gen. Laws 2253, 2260-61 (amended 2005) (current version at 
Tex. Code Crim. Proc. Ann. 
art. 62.102 (Vernon Supp. 2005)).  The offense is “a felony of the second degree if the actor is a person whose duty to register expires under [a]rticle 62.12(a) and who is required to verify registration once each 90-day period under [a]rticle 62.06,“ and the punishment is enhanced to the next highest degree of felony if the person has previously been convicted of an offense under article 62.10.  
Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 18, art. 62.10(b)(3), (c), 1999 Tex. Gen. Laws 4831, 4839-40 (amended 2005) (current version at 
Tex. Code Crim. Proc. Ann. 
art. 62.102(b)(3), (c) (Vernon Supp. 2005)).

In the present case, Cantu did not file a motion to quash the indictment, but he complains that the indictment did not vest the trial court with jurisdiction.
(footnote: 2)  The charging instrument conveyed that Cantu was required to register once each 90-day period, that he failed to do so, that his duty to register expires under article 62.12(a)—that is upon his death—and that he had previously been convicted for failure to comply with sex offender registration requirements.  Thus, the indictment accused Cantu of the offense of failure to comply with sex offender registration requirements enhanced by a prior conviction for the same offense with enough clarity and specificity to identify that he would be prosecuted under chapter 62 of the code of criminal procedure.  
See 
Tex. Const. 
art. V, § 12;
 Duron
, 956 S.W.2d at 550.  The indictment was sufficient to charge Cantu with the offense even though the indictment did not actually state the penal code provision that Cantu allegedly violated.  
See
 
Duron
, 956 S.W.2d at 550.  Accordingly, we overrule Cantu’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A claim that the indictment fails to vest the trial court with jurisdiction is an issue that can be raised at any time.  
Tex. Code Crim. Proc. Ann.
 art. 1.14(b) (Vernon Supp. 2005); 
see Duron
, 956 S.W.2d at 552 (Mansfield, J. concurring); 
Adams v. State
, No. 03-03-00724-CR, 2005 WL 2978174, at *10 (Tex. App.—Austin Nov. 4, 2005, no pet.).