COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-192-CR

 

 

PAUL CANTU                                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Paul Cantu appeals
his conviction for failure to comply with sex offender registration
requirements.  After a jury was
impaneled, Cantu pleaded guilty to the offense and pleaded true to an
enhancement allegation.  The jury
assessed his punishment at forty-five years= confinement, and the trial court sentenced him accordingly.  In a single point, Cantu contends that the
trial court lacked jurisdiction to hear this case because the indictment failed
to charge an offense.  Specifically,
Cantu contends that the indictment Awholly fails to charge [him] with clarity and specificity sufficient
to identify the penal statute under which the [S]tate intends to prosecute.@   

The indictment states that on or about May 12, 2004, Cantu

 

intentionally
or knowingly fail[ed] to report to the local law enforcement authority, to wit:
chief of police of Fort Worth, Texas, or his designee, with whom Defendant is
required to register once each 90-day period and with whom Defendant is
registered under the sex offender registration program, not earlier than the
83rd day before the 90th day and not later than the 98th day after the 90th day
following the 17th day of September, 1992, the date Defendant first registered
under the sex offender registration program to verify the information in the
registration form maintained by said law enforcement authority and the
Defendant had a conviction or adjudication for a sexually violent offense or
had been convicted or adjudicated two or more times, namely, a conviction for
aggravated rape with a deadly weapon, to wit: a knife, on the 3rd day of
September, 1985, in the Criminal District Court Number Two of Tarrant County,
Texas, in cause number 215875A, and a conviction for aggravated rape with a
deadly weapon, to wit: a knife, on the 3rd day of September, 1985, in the
Criminal District Court Number Two of Tarrant County, Texas, in cause number
215874A, and Defendant=s
duty to register expires under article 62.12(A) of the Texas Code of Criminal
Procedure,

 

And
it is further presented to said court that prior to the commission of the
offense or offenses set out above the said defendant had been convicted of an
offense under article 62, Texas Code of Criminal Procedure, to wit: failure to
comply with sex offender registration requirements in cause number 0820943D on
the 20th day of May, 2002, in the criminal district Court Number Four of
Tarrant County, Texas[.]

 








The presentment of an
indictment vests the trial court with jurisdiction.  Tex. Const. art. V, ' 12.  Only an indictment that
fails to allege an offense or fails to allege that a person committed the
offense will be so defective that it cannot vest jurisdiction.  See id.; Carrillo v. State, 2
S.W.3d 275, 277 (Tex. Crim. App. 1999); Studer v. State, 799 S.W.2d 263,
272‑73 (Tex. Crim. App. 1990).  An
indictment meets the constitutional requirement Aif it accuses someone of a crime with enough clarity and specificity
to identify the penal statute under which the State intends to
prosecute.@  Duron v. State, 956 S.W.2d 547, 552
(Tex. Crim. App. 1997). 








Under prior article 62.10, in
effect on the date of the offense, a person commits an offense if he fails to
comply with any requirement of chapter 62. 
Act of June 1, 1997, 75th Leg., R.S., ch. 668, ' 1, art. 62.10, 1997 Tex. Gen. Laws 2253, 2260-61 (amended 2005)
(current version at Tex. Code Crim.
Proc. Ann. art. 62.102 (Vernon Supp. 2005)).  The offense is Aa felony of the second degree if the actor is a person whose duty to
register expires under [a]rticle 62.12(a) and who is required to verify
registration once each 90-day period under [a]rticle 62.06,A and the punishment is enhanced to the next highest degree of felony
if the person has previously been convicted of an offense under article
62.10.  Act of May 29, 1999, 76th Leg.,
R.S., ch. 1415, ' 18, art.
62.10(b)(3), (c), 1999 Tex. Gen. Laws 4831, 4839-40 (amended 2005) (current
version at Tex. Code Crim. Proc. Ann. art.
62.102(b)(3), (c) (Vernon Supp. 2005)).








In the present case, Cantu
did not file a motion to quash the indictment, but he complains that the
indictment did not vest the trial court with jurisdiction.[2]  The charging instrument conveyed that Cantu
was required to register once each 90-day period, that he failed to do so, that
his duty to register expires under article 62.12(a)Cthat is upon his deathCand that he had previously been convicted for failure to comply with
sex offender registration requirements.  Thus,
the indictment accused Cantu of the offense of failure to comply with sex
offender registration requirements enhanced by a prior conviction for the same
offense with enough clarity and specificity to identify that he would be
prosecuted under chapter 62 of the code of criminal procedure.  See Tex.
Const. art. V, ' 12;
Duron, 956 S.W.2d at 550.  The
indictment was sufficient to charge Cantu with the offense even though the
indictment did not actually state the penal code provision that Cantu allegedly
violated.  See Duron, 956 S.W.2d at 550.  Accordingly, we overrule Cantu=s sole point and affirm the trial court=s judgment.

 

 

PER CURIAM

 

PANEL F:    WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]A
claim that the indictment fails to vest the trial court with jurisdiction is an
issue that can be raised at any time.  Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon Supp. 2005); see Duron, 956 S.W.2d at 552 (Mansfield, J.
concurring); Adams v. State, No. 03‑03‑00724‑CR, 2005
WL 2978174, at *10 (Tex. App.CAustin Nov. 4, 2005, no
pet.).